## NULL v. BOARD of COM'RS of LATIMER COUNTY et al.

No. 13032—Opinion Filed Feb. 26, 1924.

**1. Highways—Location—Surveys and Plats —Question of Facts.**

The question as to the location of a roadway from north to south, 40 feet wide, 20 feet on each side of the central line through the center of section 26, township 5 north, range 17 east, in Latimer county, and in town site addition No. 7, according to United States survey and plat thereof approved by the Secretary of the Interior, May 26, 1914, under act of Congress approved February 19, 1912, is a question of fact to be determined by competent evidence in the trial of the case.

**2. Same—Evidence—Town-Site Plat.**

A town-site plat certified by the proper officer under section 651, Comp. Stat. 1921, is competent evidence to prove the streets and roadways provided for in the dedication of the town site under the act of Congress, approved February 19, 1912.

**3. Injunction—Refusal—Location of Highway Affecting Town Lots.**

Where the plaintiff brings suit against the county commissioners and the road overseer to enjoin them from taking possession of a 20 foot tract of land at east end of his lots. and the evidence shows that the lots were conveyed to him subject to all rights of way and further shows that the said 20 foot tract of land is a part of a roadway provided for by the official survey and plat in segregating and dedicating the said town site, the injunction will be denied whether the 20 foot strip of land is a part of the lots patented to plaintiff or not.

**4. Appeal and Error—Rights of Prevailing Party to Complain.**

Where the court rendered judgment in favor of the plaintiff on an issue not in the pleadings, the plaintiff cannot be heard to complain.

**5. Injunction—Denial of Relief Prayed —Taxation of Costs to Plaintiff.**

Where the plaintiff asks for an injunction and is denied this relief, but given incidental relief not asked for, it is not error to tax the costs of the action against the plaintiff.

(Syllabus by Threadgill, C.)

Commissioners' Opinion, Division No. 3.

Error from District Court, Latimer County; E. F. Lester, Judge.

Action by R. M. Null against Board of County Commissioners et al. Judgment for defendants, and plaintiff appeals. Affirmed.

Null & Null, for plaintiff in error.

Claud Briggs, for defendants in error.

Opinion by THREADGILL, C. The plaintiff in error, plaintiff below, commenced his action in the district court of Latimer county aganst the defendants in error, defendants in that court, to restrain them from entering upon and constructing a public road 40 feet wide along the central line of the section, north and south, and across the west end of lots numbered 39 and 41, respectively, of number 7, town-site addition in Latimer county, according to government survey and plat thereof.

Plaintiff contends that he bought two lots from the government under section 9 of the act of Congress of February 18, 1912, 37 Statutes at L., and patents were issued to him for same, dated April 25, 1917, and January 18, 1918, respectively, each tract containing 4.98 acres more or less. It appears there was a roadway 40 feet wide through the center of the section from north to south provided for and dedicated by the government as a roadway in the official survey and plat of said town-site addition. The plaintiff contended that this roadway was west of his lots and the 20 feet on the east side of the central line was no part of his tracts or lots; that the survey made by the county to locate the central line and the 20 feet on either side was too far to the east, and took a part of the west end of his lots, and would cause him to lose 'a part of his land, and to remove his fence at the west end of the lots; that they were trespassing on his property in entering upon his land with the intention of taking possession and to remove his improvements without any settlement with or notice to him.

The defendants contended that the 40 feet was dedicated by the government for a roadway and they had a right to open the road to the public without notice to the plaintiff; that the central line had been located by the county surveyor, and the 20 feet on each side had been laid off by metes and bounds, and denied that the plaintiff had any right to restrain them from constructing the roadway. The issues were tried to the court on January 7, 1922, and the court rendered judgment against the plaintiff denying him a permanent injunction as prayed for, but continuing the temporary restraining order in force to be dissolved by the defendant's giving the plaintiff 30 days' notice to remove his fence, and assessing the costs against the plaintiff. The judg-

ment of the court, omitting the caption, was as follows:

"Now on this the 7th day of January, 1922, this cause coming on for hearing before the court, and the petitioner being present in person and by his attorneys, C. C. Null and B. S. Null, and the respondents being present in the person of K. Hudson and by their attorney Claud Briggs, county attorney, and both petitioner and respondent announcing ready for trial the cause progresses. And the cause having been submitted to the court upon proof of both petitioner and respondent, and the court being fully advised in the premises finds that the highway sought to be opened by respondents herein does not run across or onto petitioner's land and premises but that the same was by the United States government reserved from the sale of the said town-site addition and the lots thereof as and for the purpose of a public highway and that petitioner has no right, title or interest in and to the same and further finds that petitioner's fence is upon and obstructing the said public highway, but that respondents herein have failed to give 30 days notice as required by law to remove the same from said public highway.

"It is therefore ordered, adjudged and decreed by the court that the permanent injunction prayed for by the petitioner herein is denied, but that respondents are restrained from opening and removing said obstructing fence, until the 30 days' notice as required by statute is served upon the petitioner herein, and it is further ordered, adjudged and decreed by the court that upon proof being made to the court that service of said notice has been made upon said petitioner, notifying him to remove the said obstructing fence from said public highway, that the injunction herein granted shall be set aside, dissolved and held for naught, and further that respondents herein have and recover from the petitioner herein their costs in this action expended."

The plaintiff filed motion for new trial which being overruled he has appealed to this court by petition in error and case-made.

It is undisputed that the road was provided for and dedicated for that purpose in the survey and plat of the town-site addition. The only question in the determination of the controversy is whether or not the central line of the roadway and the 20 feet on each side are correctly located by the defendants.

1. We think this question is settled by the evidence. The county surveyor testified that he correctly located the central line through the section and in conformity with the government survey and plat of the said town-site addition, and he laid off the 20 feet on the east side along the west end of

plaintiff's lots, and explained his field notes and plats, dated December 13, 1921, and this testimony was sufficient to meet the very indefinite testimony of the plaintiff. Section 5928, Comp. Stat. 1921, provides as follows:

"Any survey made by the county surveyor, under the order of the board of county commissioners, in laying out any road or highway along any section or subdivision line of a section, if not appealed from by the land owners whose lands are bounded or limited by the line or lines surveyed and corners established or re-established in the time and manner provided by the statutes of Oklahoma for appeals, by aggrieved persons, from orders made by the board of county commissioners, shall be recorded by the county surveyor in his record of permanent surveys, when the order of the board establishing said road or highway shall become final, and the boundary lines and corners of the lands, by such survey established, shall be held and considered as permanently established and shall not thereafter be changed."

The testimony of the road overseer was that the 20 feet of land on the east side of the central line designated by the county surveyor was the land he was trying to open under the order of the county commissioners as a part of the roadway.

2. The defendants introduced a certified copy of the official survey and plat of the town-site addition showing the central line through the section north and south and the designated roadway and the plaintiff's lots extending east from the said central line and described on the plat as follows:

"Lots 39, 330 feet on the east side, 657, 9 feet on south side, 33.1 feet on west side and 658 feet on the north side and lot 41, 330 feet on east side, 657.9 on south side, 33.2 feet on east side and 657.9 on the north side, containing approximately 4.98 acres in each tract or lot."

This testimony was competent under section 638, Comp. Stat. 1921, which reads as follows:

"Copies of all papers or records required by law to be filed or recorded in any public office, or of any record required by law to be made or kept in any such office, duly certified by the officer having the legal custody of such paper or record, under his official seal, if he have one, may be received in evidence with the same effect as the original when such original is not in possession or under the control of the party desiring to use the same."

And, also, section 651, which reads as follows:

"Exemplifications from the books of any of the departments of the government of the United States, or any papers filed there-in, shall be admitted in evidence in the same manner and with like effect as the originals, when attested by the officer having the custody of such originals."

The plaintiff introduced the patents in evidence showing his title to the lots, and just after a description of the lots granted they state, "subject to all lawful rights of way, etc."

The petition of the citizens to open this roadway and the order of the county commissioners for this purpose were introduced in evidence. All these facts and circumstances being taken into consideration it is clear that there was a roadway 40 feet wide provided for through the center of section 26, with 20 feet on each side of the center line from north to south, and that the defendants were within their rights in attempting to open the same for a roadway according to the government survey and plat of said town-site addition as surveyed and defined by the county surveyor of the county, whether the 20 feet on the east side of the line was taken from the plaintiff's lots or not.

3. The roadway was provided for in the town-site survey and plat approved by the Secretary of the Interior March 26, 1914, under the act of Congress of February 19, 1922. The plaintiff bought the lands in 1917 and 1918, described as follows: Numbers 39 and 41, respectively, in town-site addition, number 7 in Latimer county, "containing 4.98 acres more or less as the case may be according to the United States survey thereof subject to all lawful rights of, way," etc., and plaintiff is charged with notice of the said roadway along the west end of his land whether to be taken from the rear of his lots or not. Tholl v. Koles, 65 Kan. 802, 70 Pac. 881; Mills v. Glasscock, 26 Okla. 123, 110 Pac. 377.

4. Plaintiff complains that he was not notified by the defendants to remove his fences in opening the said roadway as provided by section 10023, Comp. Stat. 1921, which reads as follows:

"Whenever it becomes necessary to remove fences or other property located on a right of way or public highways for the purpose of opening and improving the same the road supervisor shall give a 30 days' notice in writing to the owner of such property or the occupant thereof to remove the same and if not removed within the specified time he shall proceed to remove the said property."

This is the law where improvements are to be removed in opening or constructing a roadway, and there is good reason for it in giving the land owner adjoining the roadway an opportunity and ample time to save

and remove to his own advantage his improvements. The law was intended to protect the adjoining landowner and save him from snap judgment and sudden damages on the part of the road officials of the county, but the complaint of the plaintiff is not well taken in this case because the removal of fences and improvements was not made an issue in the pleadings. The issues joined on the right of the defendants to appropriate and use the 20 feet of land for the roadway. The court went beyond the issues and found in its judgment that the plaintiff had a fence on this roadway, and was entitled to a restraining order against the defendants till he was given 30 days' notice to remove the same as required by law, and, as suggested by defendants, this was more than he was entitled to under the record in the case and he is not in position to complain of the judgment on this ground.

5. Plaintiff further complains that the court should not give judgment against him for costs, citing sections 771, 772, and 773, Comp. Stat. 1921, but we think these sections of the statute sustain the judgment rather than the complaint and contention of the plaintiff. The issues joined on the right of the defendants to enter upon the 20 feet of land and appropriate the same for the roadway, and their issue was determined in favor of the defendants and the permanent injunction was denied the plaintiff, and it would not be error for the court to tax the costs against the plaintiff. We are, therefore, of the opinion that the judgment of the court should be affirmed.

By the Court: It is so ordered.