MILNER *v.* NEW EDINBURG SCHOOL DISTRICT.

4-8128                                        200 S. W. 2d 319

Opinion delivered March 24, 1947.

---

338

*DuVal L. Purkins,* for appellant.

*Max M. Smith,* for appellee.

Ed. F. McFaddin, Justice. This appeal presents for determination: (1) whether land previously deeded to a school district had reverted; and (2) whether the building reverted with the land. Some of our cases on reversion of school property are: *Steele* v. *Rural Special School District,* 180 Ark. 36, 20 S. W. 2d 316; *McCullough* v. *Swifton Consolidated School District,* 202 Ark. 1074, 155 S. W. 2d 353; *Williams* v. *Kirby School District,* 207 Ark. 458, 181 S. W. 2d 488; *Rose* v. *Marshall School District,* 210 Ark. 211, 195 S. W. 2d 49; *Vandale Special School District* v. *Feltner,* 210 Ark. 743, 197 S. W. 2d 731.

The factual situation in the case at bar is somewhat different from that existing in any of the adjudicated cases. The facts here are:

A. In 1915, Mr. J. H. Hollis conveyed by warranty deed 2½ acres of land to the Hollis Special School District, with this clause of reversion in the deed: "This deed is made with the understanding that in case the property ever ceases to be used for public school purposes that the land, but not the improvements thereon, is to revert to the grantor herein."

B. The Hollis Special School District erected a school building on the 2½ acres, and used the same for school purposes. In 1930, the Hollis Special School District was consolidated with the appellee school district (which is hereinafter called the "district"); but the consolidated district continued to have school for the lower grades in the Hollis school building until May, 1940. Since then, there has been no school in the Hollis building. In 1940, the district canceled the fire insurance on the building, and allowed the building to be used as a meeting place for the ladies of the Hollis community. The only school property remaining in the building was a stove, some blackboards, and a few desks; and all of this property was moved on April 26, 1946, when the district sold the building to J. L. Brown, who was to raze it, and remove the materials. Brown agreed to pay the district $1,500 for the materials.

C. When J. H. Hollis executed the deed to the Hollis School District in 1915 as aforesaid, he owned a total of 240 acres, of which the 2½ acres was a part. After the death of J. H. Hollis, his heirs conveyed to N. T. Hollis the entire 240 acres by deed dated August 16, 1944. Then, on October 2, 1944, N. T. Hollis conveyed to the appellant, Mrs. Milner, the 237½ acres by deed, which also contained this language in the granting clause: "Also, the reversion of the J. H. Hollis estate in and to the following parcel of land (but not the buildings thereon) described as follows: . . ." (then follows the description of

the 2½ acres conveyed by J. H. Hollis to the Hollis Special School District in 1915, as aforesaid.)

Mrs. Milner had the 2½ acres placed on the tax books, and paid taxes thereon. She cut pulpwood timber from the 2½ acres, and exercised other acts of ownership over the land (but not the building) from the date of her deed until the filing of this suit. The school district tried to purchase from Mrs. Milner one acre (where the building was located) out of the 2½-acre tract. One of the school directors testified in this regard: "Q. Did you, after she had bought it, ask her if she would consider selling one acre of the land back to the school district? A. Yes, sir. Q. You had that conversation? A. Yes, sir. Q. At that time you evidently didn't think you owned the land or the building either, did you? A. I didn't know about the land. I thought she had the land, but there never was any doubt about the building. Q. Why did you want to buy an acre back? A. So we wouldn't have to move the building."

D. Such was the condition of affairs when, on April 26, 1946, the school district sold the building to J. L. Brown as aforesaid. Then, on April 30, 1946, the appellant filed the present action against the appellee school district and J. L. Brown to enjoin the removal of the building: appellant claiming the building to be attached to the real estate, and therefore belonging to her under her deed from N. T. Hollis as aforesaid. Pending the litigation, the parties agreed, by stipulation to avoid prejudice, that the $1,500 might be deposited in court in lieu of the building, and that Brown might (and did) remove the building. As a result of the trial, the chancery court entered a decree holding (1) that the school district was the owner of the building, and (2) that the school district was the owner of the 2½ acres, and that it had not reverted to Mrs. Milner. To reverse that decree, there is this appeal.

I. *The Building.* We affirm the decree of the chancery court in finding against Mrs. Milner's claim to the building or the proceeds thereof. In the deed from J. H. Hollis to Hollis Special School District (predecessor of

appellee school district) it was definitely stated that the improvements would not revert with the land. Likewise, in the deed from N. T. Hollis to Mrs. Milner, it was stated that the building would not revert to Mrs. Milner. The effect of these conveyances was to prevent the building from becoming, or passing as, a part of the realty. The presumption of a structure becoming realty (as was held in *Waldo Fertilizer Works* v. *Dickens,* 206 Ark. 747, 177 S. W. 2d 398) was overcome by the recitals in the said deeds in this case. In 22 Am. Juris. 780 the general rule is stated: "Generally a building erected on the land of another by his consent or license does not become part of the realty, but remains the property of the person annexing it. The same results will be achieved if the owner expressly consents or agrees that the building shall remain personalty; . . . This rule certainly holds when there is an express reservation of a right to remove the building; . . ." See, also, 42 Am. Juris. 199, "Property," § 18.

We dispose of appellant's contentions:

(a) *Building as a fixture.* Appellant cites the majority and concurring opinions in *Williams* v. *Kirby District, supra,* wherein were cited statements from 42 Am. Juris. 199 and 22 R. C. L. 59, to the effect that a building permanently fixed to the freehold became a part of the realty, and passed with it. But appellant evidently overlooked that portion of the text in 42 Am. Juris. 199 which, after stating the above rule, adds this significant language, which is applicable to the case at bar, to-wit: "The general rule is otherwise, however, where the improvement is made with the consent of the landowner, and pursuant to an understanding, either expressed or implied, that it shall remain personal property."

Likewise, appellant evidently overlooked, from 22 R. C. L. 59, the following portion of the text, which, after stating the general rule urged by the appellant, then states the following as an exception: ". . . but it is otherwise as to a building . . . erected with the consent of the landowner and with the understanding either

expressed or implied that it shall remain personal property.'' The building in the case at bar comes within the scope of the quotation just recited. It was excepted from the Hollis conveyances, and did not become a part of the realty. The language in the reverter clause in this case specifically excepts the building from reverting with the land. Such language did not appear in the reverter clause in the case of *Williams* v. *Kirby District, supra.*

(b) *Limitations.* Mrs. Milner's deed was dated October 2, 1944; and on April 26, 1946, the district sold the building to Brown. We are cited to no statute of limitations that could have ripened Mrs. Milner's possession into title in that short period, even assuming that she had possession of the building during all of such time— which the proof shows she did not.

(c) *Estoppel.* It was not until after Mrs. Milner had purchased the Hollis land that she ever had any conversation with any representative of the school district, so she presents no facts to make a claim of estoppel by representation. See *Rogers* v. *Galloway Female College,* 64 Ark. 627, 44 S. W. 454, 39 L. R. A. 636; and also 19 Am. Juris. 653. In view of what has been stated, it is unnecessary for us to consider the district's claim as to whether Mrs. Milner is herself estopped by the recitals in her deed from claiming the building. In this connection, see 19 Am. Juris. 627, ''Estoppel,'' § 29; 16 Am. Juris. 610, ''Deeds,'' § 301; and annotation in 39 A. L. R. 128. We therefore affirm the chancery court in refusing Mrs. Milner's claim for the building or its proceeds.

II. *The Land.* We reverse that portion of the decree of the chancery court which found against Mrs. Milner's claim for the 2½ acres of land, because we hold that there had been an abandonment of the land for school purposes within the purview of the reverter clause, as contained in the deed from J. H. Hollis to the school district. The following facts appear in this case:

(1) No school had been held on this land since 1940.

(2) The building had ceased to be used for school purposes, and had become a community center.

(3) The land had been placed on the tax books in the name of Mrs. Milner, and she had paid the taxes.

(4) A representative of the school district had attempted to buy one acre of land from her (being the acre on which the building was situated).

(5) Finally, the district had contracted for the removal of the school building; and the directors testified that they had no intention of ever erecting another classroom building on the land.

The concurrence of all five of these unexplained facts presents a case in which the preponderance of the evidence shows an abandonment of the land. It is true that the directors testified that they intended that a small building should be erected on the land for children to use while waiting for the school bus; but the transcript does not disclose a single instance where school children had used the building as a waiting station in the entire period between 1940 and 1946. On the contrary, the record shows that the school children congregated on the porch of a building across the road from the school. Furthermore, the declaration as to future intentions to erect a bus station on the land was also dependent on several contingencies, and was never removed from the realm of abstract speculation. Without lengthening this opinion by commenting on each bit of evidence, it is sufficient to say that the facts in this case are more similar to those which existed in the case of *Steele* v. *Rural District, supra,* than to the facts which existed in the cases of *McCullough* v. *Swifton District, supra,* and *Rose* v. *Marshall District, supra.*

We conclude that the decree of the chancery court should be, and is, affirmed insofar as the building and its proceeds were awarded to the school district; but the decree is reversed insofar as concerns the 2½ acres of land, and that part of the cause is remanded to the chancery court with directions to enter a decree adjudging to Mrs. Milner the 2½ acres of land and the possession thereof. Since Mrs. Milner instituted this suit primarily

to recover the building, and has never succeeded in that regard, we therefore adjudge the cost of all courts against her.