**Walter BUZA and Al Buza, Appellants,**

v.

**COLUMBIA LUMBER COMPANY of Alaska,
a corporation, Appellee.**

**No. 453.**

Supreme Court of Alaska.

Oct. 2, 1964.

Albert Maffei, Anchorage, for appellants.

G. F. Boney and L. S. Kurtz, Jr., of Burr, Boney & Pease, Anchorage, for appellee.

Before NESBETT, C. J., and DIMOND and AREND, JJ.

AREND, Justice.

This appeal is brought to review the decision in the court below concerning the ownership of six bundles of spruce logs designated as Carlson Raft No. 7 and valued at about $8,000.

In a complaint, filed on July 20, 1962, the plaintiff-appellee, Columbia Lumber Company, hereinafter referred to as Columbia, accused the defendants-appellants of converting the logs, willfully trespassing upon Columbia's property and interfering with its mill operations. For relief Columbia

prayed for the return of the logs and for compensatory and punitive damages totaling $31,000.[1]

In answer to the complaint, the appellants alleged that the logs were the property of the appellant, Al Buza, who had purchased them from one Boyd Carlson by bill of sale; denied that they had converted the logs or that they had trespassed upon or damaged Columbia's property; and admitted the value of the logs to be $8,000. By way of counterclaim the appellants alleged that Al Buza was the owner of the logs; that Columbia had wrongfully taken them from Patton Bay to Whittier, Alaska, to Al Buza's damage in the sum of $7,500; and that Al Buza was entitled to recover the logs or their value.

Columbia filed a reply to the counterclaim in which it denied all of the allegations of the counterclaim except for admitting the value of the logs to be $8,000, and that it had taken the logs from Patton Bay to Whittier but not wrongfully.

The case was tried to a jury which returned a verdict for Columbia. By its verdict the jury found that Columbia was the owner of the logs and entitled to their possession but that it was not entitled to recover any damages. Judgment was entered on the verdict and the appellants filed a motion for a new trial, which was denied. The judgment included an award of an attorney's fee to Columbia for $1,250. Later the trial court entered a "Corrected Judgment on General Verdict" awarding to Columbia an attorney's fee in the amount stated and its costs of suit to be taxed by the clerk in the amount of $1,302.10. Notice of appeal to this court was filed by the appellants on December 2, 1963. Nine days later an appeal was taken to the superior court from the clerk's ruling on costs and on December 17, 1963, the superior court declared that the clerk's cost bill of $1,302.10 would stand.

The appellants have listed five specifications of error, all of which have been attacked by Columbia on the grounds that they fail to comply with the following requirements of Supreme Court Rule 11(a) (6):

"(a) * * * [Appellant's] brief shall contain * * *:

* * * * * *

"(6) A specification of errors relied upon which shall be numbered and shall set out separately and particularly each error intended to be urged. When the error alleged is to the admission or rejection of evidence, the specification shall quote the grounds urged at the trial for the objection and the full substance of the evidence admitted or rejected, and refer to the page number in the transcript as contained in the record on appeal where the same may be found. When the error alleged is to the charge of the court, the specification shall set out the part referred to verbatim, whether it be in instructions given or in instructions refused, together with the grounds of the objections urged at the trial. When findings are specified as error, the specification shall state as particularly as may be wherein the findings of fact and conclusions of law are alleged to be erroneous. * * *"

We agree with Columbia as to the first three errors specified. These were:

1) That the lower court erred in giving instructions to jury particularly instruction No. 17 and instruction No. 19 and for the courts [sic] failure to give instructions encompassing the following statutes: 29–1–71 and 29–1–72 ACLA 1949.

2) That the following portion of instruction No. 17 was erroneous: "if the jury finds that the logs were left in the

1. In the event that the logs could not be recovered, Columbia demanded judgment for their value ($8,000), $1,000 for damage to its log boom, $5,000 for diverting the activities of employees at the mill and punitive damages for the wrongful acts of the appellants in the amount of $25,000. Columbia regained possession of the logs in question through the state police several days after the complaint was filed.

possession of seller Carlson who, in turn, sold them to plaintiff for value received and caused them to be delivered to plaintiff's sawmill at Whittier, Alaska *without informing plaintiff that said logs were the property of the defendants, if indeed they were, then you must find plaintiff to be the owner of the logs and render a verdict for said plaintiff."* (emphasis added).

3) That the lower court ought to have allowed as evidence that certain memorandum made by appellant, AL BUZA, at the time he had a conversation with Mr. Morgan, President of appellee, COLUMBIA LUMBER COMPANY, which memorandum was made at the time of the conversation in July, 1962.

■ Comparing these three specifications of error with the requirements of Supreme Court Rule 11(a) (6) we find a woeful lack of compliance on the part of the appellants. The first specification actually specifies three errors: That instruction 17 was wrong; that instruction 19 was wrong; and that other instructions should have been given. Furthermore, it does not set forth the instructions claimed to have been erroneously refused; and it does not state the grounds of objection urged at the trial.

Specification of error No. 2 likewise fails to set forth the grounds of objection urged at the trial. Without searching the record ourselves, we do not know whether the appellants even voiced any objections to instruction No. 17 in the court below. Nor do the appellants state anywhere in their brief that they objected to the instruction in the lower court or the nature of the objection at the time, if objection was made.

■ The third specification of error violates Rule 11(a) (6) in two respects: (1) The substance of the memorandum alleged to have been erroneously excluded is not set forth; and (2) the grounds on which the memorandum's admission was urged is not stated in the specification.

■ Since the appellants have disregarded the plain requirements of Supreme Court Rule 11(a) (6), which has been in effect now for nearly five years and the observance of which has been urged upon the bar in a number of our decisions,[2] we need not consider the first three errors charged.[3]

The other two errors specified by the appellants relate to the allowance of costs to Columbia and are set forth in the margin.[4] With respect to the issues raised by these specifications of error, the appellants contend that Columbia was not the prevailing party since it did not recover the full amount of the relief prayed for and, therefore, was not entitled to costs; or, in the alternative, if Columbia was entitled to costs, it should not have been allowed costs for the transportation and witness fees of witnesses whose testimony produced no verdict by the jury.

AS 09.60.010 states: "Except as otherwise provided by statute, the supreme court shall determine by rule or order what costs, if any, including attorney fees, shall be allowed the prevailing party in any case." Civil Rule 54(d) provides that "costs shall be allowed as of course to the prevailing party unless the court otherwise directs."

2. Preferred Gen. Agency of Alaska, Inc. v. Raffetto, Opinion No. 214, 391 P.2d 951, 953 (Alaska 1964); Crume v. Crume, 378 P.2d 183, 184–185 (Alaska 1963); McLemore v. Harris, 374 P.2d 410 (Alaska 1962); Parks v. Brown, 368 P.2d 220 (Alaska 1962); Bidwell v. Scheele, 355 P.2d 584, 587–588 (Alaska 1960).

3. Crume v. Crume, supra note 2, 378 P.2d at 185.

4. The appellants' last two specifications of error allege:
"4) That the appellee [Columbia] was not the prevailing party and, therefore, not entitled to costs as provided by Section 09.60.010 Alaska Statutes.
"5) That the lower court erred in affirming the clerk's decision on costs and particularly to the costs awarded for travel and witness fees for Gifford Evans and Thomas A. Morgan and that insofar as their testimony was concerned the jury returned a verdict not in plaintiff's (appellee's) favor."

Civil Rule 82(a) (1) sets forth a schedule of fees which is to be applied for any party recovering a money judgment and is followed by 82(a) (2) which states: "In actions where the money judgment is not an accurate criteria for determining the fee to be allowed to the prevailing side, the court shall award a fee commensurate with the amount and value of legal services rendered."

It is true that Columbia did not recover the full measure of the relief it had prayed for but. it was nonetheless the prevailing party and the only prevailing party. Judgment was entered for Columbia, declaring it to be the owner "of the personal property covered by this lawsuit" and ordering the appellants' counterclaim dismissed with prejudice.

The dictionary states that "PREVAILING applies esp. to that which is predominant,"[5] and it has been established by case law that the prevailing party to a suit is the one who successfully prosecutes the action or successfully defends against it, prevailing on the main issue, even though not to the extent of the original contention.[6] He is the one in whose favor the decision or verdict is rendered and the judgment entered.[7]

As to the other point on costs, the appellants claim that Gifford Evans, the superintendent of Columbia's operations at Whittier, and Thomas Morgan, president of Columbia, testified only as to Columbia's damage claim of $31,000, for which no recovery was granted in the trial court. This being so, they contend that no witness costs should have been allowed for Evans or Morgan. Looking to the record, however, we note that Evans' testimony was also used to show that the appellants actually took the logs designated Carlson's Raft No. 7. By Morgan's testimony, Columbia brought out that the logs intended for the appellants (not Carlson's Raft No. 7) were ready and available for them to pick up at Patton Bay all during the time of the dispute between the parties. His testimony also tended to establish the fact that Columbia was a bona fide purchaser for value of the logs in Carlson Raft No. 7 and hence had good title to them.

We find no error in the allowance of costs to Columbia, inclusive of the attorney fees. Nor do we find any abuse of its discretion by the trial court in affirming the clerk's award of costs.

Judgment affirmed.

5. Webster's New International Dictionary (2d ed. unabr. 1960).

6. Hines v. Perez, 242 F.2d 459, 466 (9th Cir. 1957); Atwood v. Kleberg, 163 F. 2d 108, 115 (5th Cir.), cert. denied, 332 U.S. 843, 68 S.Ct. 267, 268, 92 L.Ed. 414 (1947); Huggins v. Hill, 236 S.W. 1054, 1055 (Mo.1921); Dixon v. Schoonover, 226 Or. 443, 359 P.2d 115, 120, modified, 226 Or. 443, 360 P.2d 274

(1961); Baldwin v. Alberti, 58 Wash.2d 243, 362 P.2d 258, 261 (1961). Contra, United States for Use and Benefit of Miller & Bentley Equipment Co. v. Kelly, 192 F.Supp. 274 (D.Alaska 1961).

7. Dunne v. New York Tel. Co., 107 Misc. 439, 176 N.Y.S. 519 (Sup.Ct.1919); Ennis v. Ring, 56 Wash.2d 465, 341 P.2d 885, 353 P.2d 950, 954 (1960).