Mark **BLUMENSHINE**, Appellant/Cross–
Appellee,

v.

**Wilfred J. BAPTISTE, Sr., and Loretta
Janet Baptiste, Appellees/Cross–
Appellants.**

Nos. S–4997, S–5018.

Supreme Court of Alaska.

March 4, 1994.

 

Michael L. Lessmeier and Sheldon E. Winters, Hughes, Thorsness, Gantz, Powell & Brundin, Juneau, for appellant/cross-appellee.

Loren Domke, Loren Domke, P.C., Juneau, for appellees/cross-appellants.

Before MOORE, C.J., and RABINOWITZ, BURKE, MATTHEWS and COMPTON, JJ.

**OPINION**

RABINOWITZ, Justice.

Mark Blumenshine asserts that the superior court erred in failing to reduce the jury's award of past medical expenses to Wilfred J. Baptiste, Sr. based upon Baptiste's comparative fault. The superior court ruled that Blumenshine waived the point because the jury's verdict was inconsistent and Blumenshine failed to object to the inconsistency before discharge of the jury. Baptiste cross-appeals, claiming the superior court erred in setting aside the jury's award of future medical expenses and in determining that Blumenshine was the prevailing party in awarding attorney's fees.

We affirm the superior court's set aside of the award of future medical expenses and its refusal to reduce the jury's award for past medical expenses. We reverse the superior court's prevailing party determination.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Baptiste and Blumenshine were involved in an automobile accident in which Baptiste was injured. Blumenshine admitted that he was negligent and that his negligence proximately caused injury to Baptiste. However, Blumenshine contended that Baptiste's own negligence was partly or fully responsible for the latter's injuries.

At trial Baptiste sought compensatory damages for past medical expenses in the amount of $19,371, future medical expenses in the same amount, past and future physical impairment, past and future pain and suffering; he also sought punitive damages. Baptiste's wife sought damages for loss of consortium.

In a special verdict, the jury awarded Baptiste $19,371.36 for past medical expenses, $2,500 for future medical expenses, $8,000 for past and future physical impairment and $8,001 for past and future pain and suffering. The jury awarded no loss of consortium or punitive damages. The jury also found that Baptiste was 25% comparatively negligent, and that this negligence was a legal cause of his injuries. An asterisk and handwritten note on the jury's special verdict form indi-

cated that the damage amounts specified in the special verdict categories "should be net amounts[.] Plaintiff to receive all amounts."

Upon return of the special verdict, the superior court held a bench conference with the attorneys. The court called the attorneys' attention to the jury's handwritten note, but did not at that time inform them of the amounts awarded. With the attorneys' consent, the superior court asked the jury whether it intended "that these numbers have included your calculation as to comparative negligence, and that you expect the plaintiff to receive all those numbers." The foreperson responded "Yes." The superior court then read the special verdict into the record. After both attorneys declined the opportunity to poll the jury, the superior court discharged the jury. Neither counsel objected to its discharge.

Blumenshine later moved for judgment notwithstanding the verdict (JNOV) on the basis that (1) the award of past medical expenses did not reflect Baptiste's 25% comparative negligence, and (2) the evidence presented was insufficient to support the award of future medical expenses. Blumenshine also moved for a determination that he was the prevailing party for purposes of an award of attorney's fees and costs.

The superior court denied Blumenshine a 25% reduction in the jury's award of past medical expenses. The court granted Blumenshine's motion with respect to future medical expenses and decided Blumenshine was the prevailing party. This appeal and cross-appeal followed.[1]

## II. DISCUSSION

### A. Waiver of Inconsistency in Jury's Verdict

Blumenshine argues that the superior court erred in declining to reduce the jury's award of past medical expenses to reflect Baptiste's comparative negligence. In response, Baptiste argues that the jury's verdict as to past medical expenses was inconsistent, and that Blumenshine waived any objection to the award by failing to challenge the consistency of the verdict prior to the jury's discharge.

Baptiste adduced evidence showing he had sustained $19,371 in damages for past medical expenses. The jury found that Baptiste had suffered $19,371 in past medical expenses and that 25% of his damages were sustained as a consequence of his comparative fault.[2] Without the jury's note to its special verdict, Baptiste's award would have been reduced by 25% to reflect his comparative negligence. However, the jury's note and the foreperson's response to the superior court's question indicated that the jury had already reduced the amount awarded for past medical expenses in consideration of Baptiste's comparative negligence. Given the evidence produced as to past medical expenses, the amount of damages for past medical expenses found by the jury, and the jury's note to its special verdict, it is clear that the verdict as to this damage issue is inconsistent.

■■ Blumenshine urges us to ignore the handwritten note as "surplusage." In support of this contention, Blumenshine cites instances in which courts have disregarded extraneous notes from the jury. *Barrow v. Talbott,* 417 N.E.2d 917, 921 (Ind.App.1981) (disregarding a note that stated that portion of award was for future medical expenses); *Gilmore v. Control Data Corp.,* 442 N.W.2d 835, 839 (Minn.App.1989) (disregarding a note that stated that attorney's fees and court costs were to be awarded); *Gustavson v. O'Brien,* 87 Wis.2d 193, 274 N.W.2d 627, 634 (1979) (disregarding a note regarding contributory negligence where it was not an issue in the case). The notes in *Barrow* and *Gilmore* did not create any inconsistencies. Rather, they constituted additional "findings" the jury was not asked to make. Here the jury's note explained its award for past medi-

---

**1.** The superior court granted Baptiste's motion to reconsider its prevailing party determination. After further briefing, the superior court again found Blumenshine to be the prevailing party.

**2.** Comparative fault diminishes the amount awarded as compensatory damages. *See* AS 09.-17.060. "The court shall enter judgment against each party liable on the basis of several liability in accordance with that party's percentage of fault." AS 09.17.080(d).

cal expenses and therefore, it cannot be struck as mere surplusage.

"To give effect to the jury trial right in civil cases" this court will examine the pleadings, instructions, arguments and evidence to obtain a view of the case that harmonizes what seems at first to be an inconsistent verdict. *Schmit v. Stewart*, 601 P.2d 256 (Alaska 1979). "We will look for consistency, but will not create it where there is none." *City of Homer v. Land's End Marine*, 459 P.2d 475, 478 (Alaska 1969). Blumenshine has failed to present any plausible theory of consistency short of ignoring the note and the foreperson's response to the superior court's inquiry.

■ Based on the inconsistency of the jury's verdict, Baptiste argues that Blumenshine waived any objection to the verdict.[3] We agree. "Challenges to the consistency of a verdict are deemed waived unless made prior to the discharge of the jury." *Buoy v. ERA Helicopters, Inc.*, 771 P.2d 439, 446 n. 7 (Alaska 1989); *City of Homer*, 459 P.2d at 480 (inconsistency between total award of $84,000 on a twenty-year contract and finding that plaintiff had suffered $500 damage in three years and eight months was waived). We have noted that the waiver rule "promotes the fair and expeditious correction of error." *Id.* (quoting *Cundiff v. Washburn*, 393 F.2d 505, 507 (7th Cir.1968)).

The superior court called the note to the attorneys' attention and with the attorneys' approval questioned the jury about its intent. After reading the verdict into the record and offering to poll the jury, the superior court discharged the jury. Despite this notice, counsel allowed the jury to be discharged and the special verdicts filed. Since Blumenshine failed to challenge the consistency of the special verdict pertaining to damages for past medical expenses before the jury was discharged, we hold that he waived this argument.

**B.** *Award of Future Medical Expenses*

In response to Blumenshine's motion for JNOV, the superior court set aside the jury's award of $2,500 for future medical expenses. Baptiste presented medical testimony that his pain and disability were permanent and detailed evidence of his past medical expenses. He asserts that his future medical expenses can be inferred from the permanency of his injuries and the cost of his past medical treatment for pain and disability caused by the accident in question.

■ To recover for future medical expenses one must prove to a reasonable probability that they will occur. *Maddocks v. Bennett*, 456 P.2d 453, 458 (Alaska 1969). "[T]he jury cannot be allowed to speculate or guess in making allowance for future medical expenses; there must be some data furnished the jury upon which it might reasonably estimate the amount to be allowed for this item." *Henderson v. Breesman*, 269 P.2d 1059, 1061–62 (Ariz.1954), *quoted in City of Fairbanks v. Nesbett*, 432 P.2d 607, 618 n. 31 (Alaska 1967).

■ Baptiste was required to present both evidence that medical treatment would be necessary, and evidence of the treatment's anticipated cost to recover for future medical expenses. The Nevada Pain and Rehabilitation Center (Center), where Baptiste participated in a twenty-day chronic pain management program, concluded that Baptiste did not need any further medical evaluations or medical treatment. The Center recommended that Baptiste exercise, return to work and lose weight. Although cortisone treatment was suggested by a physician, Baptiste did not indicate that he would undertake the treatment or what this treatment would cost. Accordingly, Baptiste did not prove to a reasonable certainty that he would incur future medical expense. We therefore affirm the superior court's grant of JNOV as to the jury's award of damages for future medical expenses.

---

3. The parties agree that whether Blumenshine waived objection to the jury's award of past medical expenses on the grounds of inconsistency is a question of law. In reviewing a superior court's ruling on a motion for JNOV, we will not weigh conflicting evidence or judge the credibility of witnesses. Rather, we will determine whether the evidence, when viewed in the light most favorable to the non-moving party, is such that reasonable persons could not differ in their judgment. *Great Western Sav. Bank v. George W. Easley Co.*, 778 P.2d 569, 578 (Alaska 1989).

### C. *Prevailing Party Determination*

"[A]n award of attorney's fees to the prevailing party is committed to the broad discretion of the trial court and will be set aside only if manifestly unreasonable." *Myers v. Snow White Cleaners & Linen Supply, Inc.*, 770 P.2d 750, 752 (Alaska 1989). We will reverse a superior court's prevailing party determination "only upon finding an abuse of discretion." *Buoy v. ERA Helicopters, Inc.*, 771 P.2d 439, 448 (Alaska 1989).

Upon reconsideration, the superior court confirmed its decision that Blumenshine was the prevailing party under Alaska Civil Rule 82 for several reasons. First, Baptiste's recovery was slight compared to the $700,000 in damages requested. Second, Blumenshine had conceded that he was negligent, that his negligence was a proximate cause of Baptiste's injuries, and that Baptiste should recover his medical expenses. Baptiste lost on the issues of loss of consortium and punitive damages. Baptiste also unsuccessfully contended that he was not comparatively negligent.

■ Baptiste claims that he is the prevailing party because the jury awarded him substantial damages for past and future medical expenses, for physical impairment, and for pain and suffering. We have consistently held that the prevailing party is the one who prevailed on the main issues. *Hillman v. Nationwide Mut. Fire Ins. Co.*, 855 P.2d 1321, 1327 (Alaska 1993); *Buoy*, 771 P.2d at 448; *Hutchins v. Schwartz*, 724 P.2d 1194, 1204 (Alaska 1986); *Alaska Placer Co. v. Lee*, 553 P.2d 54, 63 (Alaska 1976); *Cooper v. Carlson*, 511 P.2d 1305, 1308 (Alaska 1973); *Owen Jones & Sons, Inc. v. C.R. Lewis Co.*, 497 P.2d 312, 314 (Alaska 1972); *Buza v. Columbia Lumber Co.*, 395 P.2d 511, 514 (Alaska 1964). A plaintiff may prevail even if he or she failed to recover all of the relief prayed for. *Hillman*, 855 P.2d at 1328; *Alaska Placer*, 553 P.2d at 63 (plaintiffs seeking $73,298 and awarded $34,026 after offset were prevailing party); *Buza*, 395 P.2d at 514 (plaintiff seeking return of logs and damages and awarded possession of logs but no damages determined to be the prevailing party).

■ A recovery does not guarantee prevailing party status. *Owen Jones*, 497 P.2d at 314–15; *see also Buoy*, 771 P.2d at 448 (plaintiff's award offset entirely by previous settlements); *Hutchins*, 724 P.2d at 1204 (recovery of $1,937 less 40% on $275,000 claim considered *de minimis*, plaintiff not prevailing party); *Hayer v. National Bank of Alaska*, 619 P.2d 474, 477 (Alaska 1980) (remanding where trial court relied solely on the fact that plaintiff received an affirmative recovery). "[A] litigant who successfully defeats a claim of great potential liability may be the prevailing party even if the other side receives an affirmative recovery." *Buoy*, 771 P.2d at 448.

However, a plaintiff should not be penalized for a small recovery. Otherwise, a plaintiff with a modest recovery who must pay substantial attorney's fees could end up with a net loss. "The purpose of Civil Rule 82 is to partially compensate a prevailing party for the costs and fees incurred where such compensation is justified and not to penalize a party for litigating a good faith claim." *Malvo v. J.C. Penney Co., Inc.*, 512 P.2d 575, 588 (Alaska 1973).

■ Although Baptiste did not prevail on every issue in this case, he succeeded in obtaining the full damages requested for past medical expenses, and $16,001 for past and future physical impairment and pain and suffering. Since he recovered a significant damage award on the main issues, Baptiste was the prevailing party for the purpose of awarding attorney's fees. We therefore conclude that the superior court abused its discretion in determining that Blumenshine was the prevailing party.

### III. *CONCLUSION*

The superior court's judgment is AFFIRMED as to past and future medical expenses and is REVERSED as to its prevailing party determination. We REMAND for determination of an award of attorney's fees to Baptiste.

MATTHEWS, J., dissents in part.

COMPTON, J., dissents in part.

MATTHEWS, Justice, dissenting in part.

I agree with the majority opinion except to the extent that it affirms the superior court's JNOV setting aside the jury's award of $2,500 for future medical expenses.

There was evidence that Baptiste has an 18% permanent physiological disability and permanent low back and leg pain. A physician testified that much of this pain is the result of a lower lumbar neuro-foraminal encroachment which would probably get worse over time.[1] A reasonable jury could conclude that Baptiste would seek pain alleviation treatment in the future as he had in the past. The cost of such treatment was inferable from the cost of past treatments which were before the jury.

Further, the discharge summary of the Nevada Pain and Rehabilitation Center, completed just a few weeks before trial, recommended future participation in a supervised therapeutic exercise program. It can be inferred from Baptiste's testimony that he intended to follow the center's recommendation. The cost of such a program can be inferred from bills in evidence showing the costs of past therapeutic exercise sessions. Such costs are encompassed within the term "future medical expenses" used in the special verdict.

Based on the foregoing, there was, in my view, sufficient evidence before the jury to justify its award of future medical expenses. I would therefore reinstate this aspect of the jury verdict.

COMPTON, Justice, dissenting in part.

In my view the superior court did not abuse its broad discretion in determining that Blumenshine was the prevailing party. Therefore I dissent from the court's resolution of the prevailing party issue.

In general I do not disagree with the court's discussion of the law, but rather with its application of the law to the facts. Since the superior court's determination is fact specific, I will set forth the facts more thoroughly than has the court.

At the outset it is important to understand what issues were contested by Blumenshine. In answer to the Baptistes' complaint, Blumenshine admitted that he was negligent and that his negligence was a proximate cause of the accident. The only issues were what damages were legally caused by Blumenshine's conduct, and whether Wilfred Baptiste's own conduct was a legal cause of any of his damages. In both his opening statement and closing argument, Blumenshine urged the jury to award Wilfred the damages to which he was entitled, essentially conceding the claimed past medical expenses and seven months of past physical impairment.

At trial Wilfred sought past medical expenses in the amount of $19,371, future medical expenses in the same amount, past and future physical impairment and past and future pain and suffering in the combined amount of $675,128, and punitive damages in an unspecified amount. His wife sought damages for loss of consortium in the amount of $50,000. Thus the Baptistes' itemized request totalled $763,870. Wilfred denied that his own negligence was a legal cause of his damages.

The jury awarded Wilfred $19,371 for his past medical expenses, $2,500 for future medical expenses, $8,000 for past and future physical impairment, $8,001 for past and future pain and suffering, and "no" punitive damages. It awarded his wife "–0–" for loss of consortium. Wilfred's own negligence was found to have been 25% of the legal cause of his damages. These figures were "net amounts Plaintiff [was] to receive." Blumenshine's motion for a judgment notwithstanding the verdict was granted with respect to the $2,500 future medical expenses. Thus the Baptistes' award totalled $35,372. Exclusive of interest, costs and attorney's fees, and the rejected punitive damages award, the Baptistes received 4.6% of what they argued to the jury was their due. Because Blumenshine virtually conceded the past medical expenses of $19,371, Wilfred received only $16,001 of the total $744,499

---

1. Dr. Toeller testified: "The neuro-foraminal encroachment is permanent. Arthritis over the years will probably make that worse due to the combination of factors, the weight, the injury and the degenerative disease in the discs."

contested at trial. That is 2.1% of what was sought.

The superior court determined that Blumenshine was the prevailing party, relying specifically on *Hutchins v. Schwartz*, 724 P.2d 1194, 1204 (Alaska 1986). The court then granted Baptistes' motion for reconsideration, requested further briefing, and entered a Memorandum and Order reaffirming its prior ruling. It found:

> The plaintiff was requesting a judgment in an amount exceeding $700,000. The defendant conceded that he was negligent and a proximate cause of the accident and in closing that plaintiff should be given his medical expenses.
>
> The medical expenses were $19,371.36, over $5,000 of which were disclosed two days prior to trial and had not been disputed during trial. The plaintiff asked for consortium damages and lost. The plaintiff asked for punitive damages and lost. A substantial part of the trial was devoted to this issue alone. The plaintiff argued that there was no comparative liability and lost. The jury awarded the medical expenses and a total of $18,600 in addition to that.
>
> The defendant defeated several claims of great potential liability and the affirmative recovery was not significant in comparison to the great damages requested.

Each of the trial court's findings is supported by the evidence. The punitive damages issue consumed a full day of the four day trial, more witnesses being called to testify on that issue than any other.[1] The claim was not frivolous: Blumenshine had a significant alcohol abuse problem, and at the time of the accident had over a .13 blood/alcohol level. He rear ended Wilfred while traveling at an allegedly high rate of speed, and earned an appropriate criminal sanction.

The extent of Wilfred's injuries was also vigorously debated. One of his experts placed the value of his pain and suffering, and loss of enjoyment of life, at $34,000 annually. His impairment was also alleged

to be significant. The potential liability for these claims was great.

The question becomes whether the superior court correctly applied the law. Our most recent review of the law is found in *Hillman v. Nationwide Mut. Fire Ins. Co.*, 855 P.2d 1321 (Alaska 1993). We observed:

> An award of attorney's fees will be reversed if the trial court's determination is an abuse of discretion or "manifestly unreasonable." Designation of the prevailing party "is committed to the broad discretion of the trial court."
>
> The determination will be affirmed on appeal "unless it is shown that the court abused its discretion by issuing a decision which is arbitrary, capricious, manifestly unreasonable, or improperly motivated."

*Id.* at 1326–27 (citations omitted).

Further, we observed:

> "[T]he prevailing party is the one 'who has successfully prosecuted or defended against the action, the one who is successful on the "main issue" of the action and "in whose favor the decision of verdict is rendered and the judgment entered." ' "
>
> This court has recognized that "it is not an immutable rule that the party who obtains an affirmative recovery must be the prevailing party."

*Id.* at 1327 (citations omitted).

In *Hillman* we analyzed two cases, *Owen Jones & Sons, Inc. v. C.R. Lewis Co.*, 497 P.2d 312 (Alaska 1972), and *Hutchins v. Schwartz*, 724 P.2d 1194 (Alaska 1986), in each of which the party who obtained affirmative recovery was held not to be the prevailing party. We concluded that the affirmative recovery in *Hutchins* was *de minimis:*

> [T]he plaintiff sought $275,000 in compensatory damages.... [T]he jury awarding some $1900, which in turn had to be reduced by 40% because of plaintiff's comparative negligence.

*Id.* 855 P.2d at 1327. We noted that defendant had made an offer of judgment under Civil Rule 68 for $35,000, entitling him to

---

1. Fifteen witnesses were called on the issue of punitive damages, nine on all the other issues

combined.

attorney's fees after the date of the offer in any event.[2]

*Owen Jones* was somewhat different. Owen Jones sued C.R. Lewis Co. for $119,663 for progress payments made on the construction of a building partially completed when it collapsed as a result of the March 27, 1964 earthquake. C.R. Lewis counterclaimed for $46,620 for services and materials supplied before the collapse. The superior court held that the building's destruction discharged the original contract, and that the reasonable value of Lewis' services and materials was $142,300. In addition, Lewis had salvaged $30,000 worth of Owen Jones' materials. Thus Owen Jones netted $7,300. However, the trial court determined that Lewis was the prevailing party, a ruling upheld on appeal. We remarked:

> This recovery based on the accounting can be classified as an incidental recovery which will not be a sufficient recovery to bar a party who has defended a large claim from being considered a prevailing party.

*Owen Jones*, 497 P.2d at 314, n. 5. We further remarked that the "main issue" was whether Lewis had to refund the progress payments, an issue on which it prevailed.

We concluded that which party prevails is "within the discretion of the trial judge."

If indeed we mean that prevailing party determinations are within the broad discretion of the trial judge, and will be affirmed unless "arbitrary, capricious, manifestly unreasonable, or improperly motivated," it is difficult to conclude that the trial judge in this case abused his discretion. The court does not, or cannot, even identify whether the trial judge was arbitrary, capricious, manifestly unreasonable, or improperly motivated.

However, if this court now means that an affirmative recovery can be only *de minimis* (*Hutchins*) or incidental (*Owen Jones*) before the other party may be determined to have prevailed, then a trial judge's broad discretion has been significantly circumscribed, without this court ever having acknowledged that it has changed the law governing the determination of prevailing party status.[3]

2. Blumenshine made a Civil Rule 68 offer of $35,000 *before* Baptiste made his belated disclosure of $5,569 additional past medical expenses, a figure Blumenshine did not substantively contest, two working days before trial. Baptistes' judgment exceeded the offer by only $372. Had he disclosed these expenses in a timely manner, Blumenshine reasonably might have been expected to increase his Civil Rule 68 offer, particularly since he did not contest that the expenses had been caused by the accident. Because of the Baptistes' timing, Blumenshine had no opportunity to submit a new offer of judgment. On these facts, the trial court might have been justified in relaxing the requirements of Civil Rule 68. *See* Alaska R.Civ.P. 94.

3. The court's ultimate conclusion is that "[s]ince [Baptiste] recovered a significant award, he was the prevailing party." If the "significance" of an award is measured in relation to the amount contested at trial, then the different language adds little to the prior analysis. Saying that an award to a plaintiff is not significant compared to the amount sought is simply another way of saying that the defendant prevailed on the main issue or issues in the case. The trial court used the word "significant" in this relative sense. It stated that Baptistes' "affirmative recovery was

not significant in comparison to the great damages requested." It does not seem manifestly unreasonable to conclude that an award of $16,001 is not significant compared to the roughly $745,000, plus punitive damages, the Baptistes sought.

However, I do not agree with the use of the term "significant award" if the court intends its application in a non-relational sense: an award that an average person would consider substantial or nontrivial irrespective of the litigation. The significance of an award for prevailing party determinations should be measured in terms of the issues contested by the parties. If the court does intend significance to be applied in a non-relational sense, I suggest that the opinion will be read as an invitation to make recovery of a "significant award" an absolute limitation on prevailing party determinations, even though there is no standard by which to measure what is "significant." Since this court does not offer any basis or justification for its determination that Wilfred recovered a "significant award," in the face of the trial court's determination that Wilfred's "recovery was not significant in comparison to the great damages requested," I suggest it intends "significant award" in a non-relational, standardless sense. I believe this is ill-advised.