518 F.2d 157
 Norman E. COTE, Plaintiff-Appellee,
v.
ESTATE of Mary P. BUTLER et al., Defendants-Appellants-Appellees.
LaVALLEY OIL COMPANY, INC., Plaintiff-Appellee,
v.
ESTATE of Mary P. BUTLER et al., Defendants-Appellees,
Estate of Mary P. Butler et al., Defendants-Appellants-Appellees.
 Nos. 229 to 232, Dockets 73-1615, 73-1616, 73-2106, 74-1475.
 United States Court of Appeals,
Second Circuit.
 Argued Jan. 16, 1975.
Decided June 23, 1975.
 
 Robert H. Erdmann, James G. Villa, Dinse, Allen & Erdmann, Burlington, Vt., for Bennington Ford.
 Ronald E. Oliveira, Cain, Hibbard & Myers, Pittsfield, Mass., for Ford Motor Co.
 Joseph H. Badgewick, James T. Haugh, Robinson E. Keyes, Ryan, Smith & Carbine, Rutland, Vt., for Butler Estate.
 Before WATERMAN, FRIENDLY and GURFEIN, Circuit Judges.
 
 WATERMAN, Circuit Judge :
 
 1
 On December 3, 1969 Mrs. Mary P. Butler was returning her relatively new 1970 Ford Maverick automobile to the vendor, Bennington Ford, for further servicing of a malfunction which caused the car to lurch at a certain speed. En route an accident occurred. While attempting to overtake and pass another vehicle, Mrs. Butler pulled out onto a snow-covered center lane of a three-lane highway. The Butler car veered into the left-hand lane and struck an oncoming truck driven by Norman Cote and owned by LaValley Oil Company. Mrs. Butler was killed. Mr. Cote was seriously injured. LaValley sustained property damage to its truck.
 
 
 2
 Following this accident three diversity actions were commenced in the United States District Court for Vermont. In separate actions, Cote and LaValley each sued three defendants, the Butler Estate, alleging the negligence of Mrs. Butler; Bennington Ford, alleging negligence and breach of warranty; and Ford Motor Company, alleging breach of warranty. In each of these actions the defendant Butler Estate cross-claimed against Bennington Ford and Ford Motor Company, alleging breaches of the warranty of fitness by vendor and manufacturer, and alleging their negligence; and Bennington Ford cross-claimed against Ford Motor Company.
 
 
 3
 In a third and separate damage action brought by different counsel, the Butler Estate, alleging negligence and breach of warranty, sued Ford Motor Company and Bennington Ford for Mrs. Butler's wrongful death.
 
 
 4
 The three cases were consolidated by the trial court and were so tried by a jury. The trial lasted fourteen days, and the trial transcript exceeds 2300 pages. The trial judge, after instructing the jury, submitted special verdict questions which the jury was to answer. There were nine of these questions; five in the Cote and LaValley cases in which the Butler Estate, Bennington Ford, and Ford Motor Company were codefendants; and four in the case in which the Butler Estate was plaintiff and Bennington Ford and Ford Motor Company were codefendants.
 
 
 5
 In the two cases in which Cote and LaValley were the plaintiffs, the jury found Mrs. Butler to have been negligent and her estate liable to each of the plaintiffs for damages. Defendants Bennington Ford and Ford Motor Company were found not liable for breaches of warranty, and defendant Bennington Ford was found not liable for negligence.
 
 
 6
 In the third action, in which the Butler Estate was the plaintiff, the jury exonerated Bennington Ford and Ford Motor Company for any breach of warranty, but found Bennington Ford liable to the Butler Estate for negligence.
 
 
 7
 The trial judge accepted the verdicts as returned and ordered the entry of judgments on the verdicts. Thereafter he ruled in favor of each cross-defendant upon each cross-claim asserted and denied any recovery on any cross-claim.
 
 
 8
 All parties found liable filed notices of appeal, but, adjustments having been made thereafter, the single remaining appeal presented for appellate disposition is this appeal of the defendant Butler Estate in the cases in which Cote and LaValley were plaintiffs, and the sole issue before us is the Butler Estate's contention that it should be granted a new trial on its cross-claims against Bennington Ford and Ford Motor Company, which it asserted in each of those cases, and upon which the trial judge denied any recovery. The Butler Estate contends that the trial court erred in entering judgment for Bennington Ford and Ford Motor Company on these cross-claims.
 
 
 9
 We affirm the decision below.
 
 
 10
 The major issues which the Butler Estate raises on appeal involve the omission, from the special verdict questions the jury was ordered to answer, of questions relating to the cross-claims of defendant Butler Estate and the subsequent disposition of the cross-claims by the trial judge. These objections do not require the reversal of the judgment below for a variety of reasons. In these cases, which involved several parties and numerous causes of action, the use of special verdicts was a prudent expedient for simplifying the issues and for preventing confusion. As to the claimed erroneous omission from the special verdict questions of questions relating to the cross-claims, the Butler Estate submitted relevant questions for the consideration of the trial judge prior to submission. However, any objections it may have been entitled to make were waived by its subsequent failure to bring exceptions to the omission to the attention of the trial judge. The appellant had numerous opportunities to note exceptions: immediately following the instructions to the jury, on the next day after further charges to the jury, and even later after the jury had returned the verdicts. Indeed, after the verdicts had been returned, the court inquired if there were objections to the form of the verdicts and the appellant then stated only "cross-claim, I think." This late, vague objection lacked sufficient clarity to apprise the trial judge of the alleged omission and prevents appellate review of the issue. See Fed.R.Civ.P. 49(a); John R. Lewis Inc. v. Newman, 446 F.2d 800 (5 Cir. 1971); 9 Wright & Miller, Federal Practice and Procedure § 2507 (1971). Appellant, of course, claims it was surprised by all this, but in view of the time available to counsel in which to study the questions the court submitted and to formulate and to note exceptions, appellant's claim of surprise must be rejected.
 
 
 11
 Moreover, on the basis of the jury's responses to the special interrogatories, the trial judge was entirely correct in the disposition he made of the cross-claims. The Butler Estate, the defendant in the actions brought by Cote and LaValley, had cross-claimed for indemnification from its codefendant Ford Motor Company, alleging breach of warranty of fitness, negligence and strict product liability in the design and manufacture of the vehicle's transmission. The Butler Estate also asserted that codefendant Bennington Ford, as vendor, had been negligent in the inspection and maintenance of the automobile, had breached an implied warranty of fitness, and had sold a defective and dangerous automobile. Plaintiffs Cote and LaValley in each of their complaints had alleged breaches of warranty by Bennington Ford and Ford Motor Company and so had the plaintiff Butler Estate in the third action. The trial court gave complete instructions on the elements necessary to find liability on the implied warranty, and when, in response to the special interrogatories, the jury found Bennington Ford and Ford Motor Company not liable for breach of warranty in the Cote and LaValley cases, there was no basis, under Vermont law, for indemnification of the Butler Estate by either of these codefendants against whom the Butler Estate had cross-claimed. Vermont law does not allow contribution among joint tortfeasors, and therefore the trial judge properly excluded from jury consideration any issue of contribution to Butler Estate from Bennington Ford and Ford Motor Company as negligent tortfeasors, and properly denied recovery on the cross-claims the Estate had brought based upon alleged negligence of the corporations. Howard v. Spafford, 132 Vt. 434, 321 A.2d 74 (1972); Viens v. Anthony Co., 282 F.Supp. 983 (D.Vt.1968).
 
 
 12
 The Butler Estate also belatedly claims that the special verdict questions should have separated, rather than joined, Ford Motor Company and Bennington Ford as to the breach of warranty claim, and that the failure to do so was reversible error. At oral argument appellant argued that Bennington Ford may have breached an implied warranty in its repairs of the Butler automobile, and that the jury might have found, on properly framed questions, Ford Motor Company not liable, but Bennington Ford liable, for breach of warranty. However, it was appellant's theory at trial that the manufacturer and vendor were liable for a breach of warranty because of the defective design of the automobile's transmission, and appellant at the trial did not maintain that Bennington Ford had warranted its repairs of the automobile, but only maintained that Bennington Ford had been negligent in its repairs. There was therefore no error in not instructing the jury to consider the alleged liability of these two parties for breach of warranty individually.
 
 
 13
 Appellant also argues that the verdicts in the consolidated cases were fatally inconsistent. In the case in which the Butler Estate was the defendant, which is the only case appealed, the jury found that Bennington Ford was not liable in negligence. In the case in which the appellant was plaintiff the jury found Bennington Ford negligent and awarded the Butler Estate damages, thus rejecting Bennington Ford's defense that Mrs. Butler was guilty of contributory negligence. The trial judge resolved this apparent inconsistency in the verdicts by pointing out that Mrs. Butler owed a higher standard of care to third parties than she owed to herself. The evidence at the trial showed that the Butlers earlier had taken the car into Bennington Ford for service and that an employee of Bennington Ford had, after cursory inspection, put some fluid in the transmission and told the Butlers that the car was safe to drive. Mrs. Butler was returning the malfunctioning car to Bennington Ford when the accident occurred. The evidence also showed that Mrs. Butler had entered a snow-covered passing lane and that the car had veered out of control into the left-hand lane. Her awareness of the dangers involved in driving the car created a high standard of care owed to other travellers which she breached in attempting to overtake and pass another vehicle. The jury found this attempt to have been the proximate cause of the injury to the plaintiff Cote and the damage suffered by the plaintiff LaValley. However, her knowledge of the malfunction was not sufficiently complete to violate her duty of care to herself, or to supersede Bennington Ford's negligence in failing to repair the automobile. The facts brought out at the trial adequately support the trial judge's proper reconcilement of the verdicts. Atlantic & Gulf Stevedores, Inc. v. Ellerman Lines, Ltd., 369 U.S. 355, 82 S.Ct. 780, 7 L.Ed.2d 798 (1962).
 
 
 14
 Appellant claims various other prejudicial trial errors: the admission into evidence of tests conducted by Ford Motor Company on the Butler transmission; the admission into evidence of Ford Motor Company's engineering specifications for the transmission; and the refusal of the trial court to charge two instructions requested by the appellant. Our examination of the record discloses that these claims of prejudicial error are insubstantial and furnish no basis upon which to reverse the decision below and to grant a new trial.
 
 
 15
 Affirmed.