Robert M. SCHMIT, Appellant,

v.

William M. STEWART and Lahoma Fleshman, Appellees.

No. 4084.

Supreme Court of Alaska.

Oct. 12, 1979.

A. Lee Petersen, Anchorage, for appellant.

Jerry E. Melcher, Timothy R. Byrnes, Hughes, Thorsness, Gantz, Powell & Brundin, Anchorage, for appellees.

Before CONNOR, BOOCHEVER, BURKE and MATTHEWS, JJ., and DIMOND, Senior Justice.

OPINION

PER CURIAM.

In the superior court the appellant, Robert Schmit, unsuccessfully sought rescission of a real estate conveyance on grounds of fraud, undue influence, duress, or mistake, and incompetence to contract. Schmit contends on appeal that the jury's answers to special interrogatories, upon which judgment was entered, were fatally inconsistent. We affirm the judgment.

To give effect to the jury trial right in civil cases, a court must determine, by examining the pleadings, instructions, arguments, and evidence, whether there is a logical view of the case that harmonizes what seems at first to be an inconsistent verdict. *City of Whittier v. Whittier Fuel and Marine Corp.*, 577 P.2d 216, 225 (Alaska 1978); *City of Homer v. Land's End Marine*, 459 P.2d 475, 478 (Alaska 1969).[1] In this case, notwithstanding its findings with respect to the circumstances in which the contract was entered into, the jury found that Schmit subsequently ratified the contract. Since there is nothing inherently contradictory about these findings, and there is a logical view of the evidence supporting the finding of ratification, the judgment is AFFIRMED.

RABINOWITZ, C. J., not participating.

1. *See also Atlantic and Gulf Stevedores, Inc. v. Ellerman Lines, Ltd.*, 369 U.S. 355, 364, 82 S.Ct. 780, 786, 7 L.Ed.2d 798, 807 (1962); *Fugitt v. Jones*, 549 F.2d 1001, 1005 (5th Cir. 1977); *Cote v. Estate of Butler*, 518 F.2d 157, 161 (2d Cir. 1975); 9 C. Wright and A. Miller, Federal Practice and Procedure § 2510, at 515 (1971).