The PROGRESSIVE CORPORATION
and Progressive Northwestern In-
surance Company, Appellants,

v.

Samuel PETER, Jr., through his next
friend, Samuel PETER, Sr., and Samuel
Peter, Sr., Individually, Appellees.

No. S–12552.

Supreme Court of Alaska.

Nov. 14, 2008.

Gary A. Zipkin and Susan M. West, Guess & Rudd, P.C., Anchorage, for Appellants.

David Karl Gross, Birch Horton Bittner and Cherot, Anchorage, for Appellees.

Before: FABE, Chief Justice, MATTHEWS, EASTAUGH, and CARPENETI, Justices.

## OPINION

EASTAUGH, Justice.

## I. INTRODUCTION

After Samuel Peter, Jr., a minor, was injured in an accident, his father, Samuel Peter, Sr., for himself and Samuel, Jr. sued the Progressive Corporation and Progressive Northwestern Insurance Company (collectively, Progressive), the family auto insurer. Their complaint included a claim that Progressive wrongfully refused to pay the policy limits of their underinsured motorist (UIM) coverage. When Progressive moved for partial summary judgment, arguing that the UIM coverage did not apply to the accident, the superior court denied the motion and held that the UIM coverage applied. Soon after, Progressive paid the UIM policy limits. After the court granted summary judgment to Progressive on most other claims and the parties agreed to dismiss the last claim, both sides sought attorney's fees. Progressive had made two unaccepted offers of judgment. The superior court held that the two offers were not valid, rejected Progressive's request for Alaska Civil Rule 68 attorney's fees, declared the Peters the prevailing parties under Alaska Civil Rule 82, and awarded them attorney's fees of $8,555. Progressive appeals. Because the superior court did not err in declining to award Progressive Rule 68 fees, did not abuse its discretion in determining that the Peters were the prevailing parties under Rule 82, and did not award the Peters duplicative attorney's fees, we affirm.

## II. FACTS AND PROCEEDINGS

We have discussed the facts of the underlying accident in this case three times.[1] We therefore only set out the facts pertinent to this appeal.

---

1. *Peter v. Progressive Corp.,* Mem. Op. & J. No. 1240 (Alaska, February 22, 2006); *Peter v. Schumacher Enters., Inc.,* 22 P.3d 481 (Alaska 2001);

*Peter v. Progressive Corp.,* 986 P.2d 865 (Alaska 1999).

While crossing the street shortly after exiting his mother's vehicle near Soldotna, nine-year-old Samuel Peter, Jr. was struck by another vehicle and seriously injured. Progressive insured the Peters' vehicle. In December 1997 Samuel, Jr.'s father, Samuel Peter, Sr., sued Progressive on behalf of himself and his son, Samuel, Jr. The Peters asserted sixteen claims for relief, including a claim that Progressive wrongfully refused to pay them the policy limits of the UIM coverage in the policy Progressive had issued to the Peters.

In February 1998 Progressive sent the Peters its first offer of judgment, for $5,000, inclusive of costs, prejudgment interest, and fees, for all claims other than the UIM claim. In February 2002, after four years of extensive litigation, Progressive sent the Peters its second offer of judgment, for $52,501 plus prejudgment interest, costs, and fees. The Peters did not accept either offer of judgment.

Progressive filed a motion for summary judgment in March 2002, asserting that Samuel, Jr. was not entitled to UIM benefits because his injuries did not arise out of the "ownership, maintenance, or use" of his mother's vehicle. The superior court denied Progressive's motion by order of August 27, 2002, holding that (1) there was a causal connection between the use of the Peters' vehicle and Samuel, Jr.'s accident; (2) Samuel, Jr.'s exit from the Peters' vehicle was not necessarily independently significant; and (3) the Peters' vehicle was used to transport Samuel, Jr. Progressive then filed a petition for review, which we denied in October 2002. In January 2003 Progressive paid $75,681.27 into the court registry for the Peters' benefit; it explained that this amount represented the UIM policy limits, consisting of the facial UIM limit of $50,000, prejudgment interest, and attorney's fees. Progressive characterized its payment as "voluntar[y]." The superior court found that Progressive's payment "accurately represent[ed] the total amount payable to Samuel Peter Jr. under Progressive's [UIM] policy, plus prejudgment inter-

est and attorney's fees." But the January 2003 UIM payment did not resolve the case because the Peters continued to assert numerous other claims against Progressive.

In February 2004 the superior court stayed one cause of action pending resolution of an appeal involving different parties but related issues, and granted partial summary judgment and a Civil Rule 54(b) judgment for Progressive on all remaining causes of action. In June 2005, after we decided the pending appeal in a manner favoring Progressive,[2] the superior court dismissed the Peters' last remaining claim with prejudice by stipulation of the parties.

Each side then moved for costs and attorney's fees. Progressive asserted that it was the prevailing party because its two offers of judgment were successful; it therefore requested Alaska Civil Rule 68 attorney's fees of $622,594.75. After a hearing Superior Court Judge Sharon L. Gleason determined that the Peters would be the prevailing parties if there were no valid offer of judgment. The court also determined that Progressive's first offer of judgment was not valid because that offer did not contemplate a complete resolution of the case and entry of a final judgment on all issues. The court tentatively ruled as to the second offer of judgment, allowing the parties to brief the mathematics of the offer-to-recovery comparison and the issue of whether a ten-percent or five-percent comparison should be used. After that supplemental briefing, the court concluded that there had been multiple defendants when the second offer of judgment was made and that consequently, per AS 09.30.065(a), "the judgment finally entered on the claim must be 'at least 10 percent less favorable to the offeree than the offer.'" The court then held that the second offer of judgment was "not valid." The court entered final judgment awarding the Peters Alaska Civil Rule 82 attorney's fees of $8,555.

Progressive appeals the rulings on the offers of judgment and the attorney's fees award to the Peters.

---

**2.** We issued our opinion in that case in 2005. *Gov't Employees Ins. Co. v. Graham–Gonzalez,* 107 P.3d 279 (Alaska 2005) (holding that insurance companies must make mandated levels of UIM coverage available to prospective customers, but that initial form informing customers of coverage is not required to include price for each level of coverage).

## III. DISCUSSION

### A. The Superior Court Did Not Err by Holding Progressive's First Offer of Judgment To Be Not Valid.

In considering the validity of Progressive's first offer of judgment, the superior court reviewed Alaska case law to determine "whether a party can pick out certain claims in an offer of judgment and have that constitute a valid offer." It concluded that to be valid, an offer of judgment must include all claims and contemplate "complete resolution of the case and entry of a final judgment on all issues."[3] The court therefore held that the first offer of judgment was "not valid."

▮ Progressive argues that it was error not to enforce its first offer of judgment. It contends that this offer of judgment satisfied Alaska Civil Rule 68 and that Progressive had prevailed on every claim the offer covered. Progressive acknowledges on appeal

3. In reaching this conclusion the superior court relied on our decision in *Fernandes v. Portwine*, 56 P.3d 1 (Alaska 2002).

4. Progressive's first offer of judgment stated: "[We] hereby offer to allow judgment with respect to all claims OTHER THAN THE UNDERINSURED MOTORIST CLAIM ADVANCED ON BEHALF OF SAMUEL PETER, JR., to be entered in favor of plaintiffs." In other words, had the Peters been willing to settle the other fifteen claims for $5,000, the UIM claim still would have remained to be litigated.

5. *Fernandes v. Portwine*, 56 P.3d 1 (Alaska 2002).

6. For cases filed on or after August 7, 1997, Rule 68 provides in pertinent part:
 (a) At any time more than 10 days before the trial begins, either the party making a claim or the party defending against a claim may serve upon the adverse party an offer to allow judgment to be entered in complete satisfaction of the claim for the money or property or to the effect specified in the offer, with costs then accrued....
 (b) If the judgment finally rendered by the court is at least 5 percent less favorable to the offeree than the offer, or, if there are multiple defendants, at least 10 percent less favorable to the offeree than the offer, the offeree, whether the party making the claim or defending against the claim shall pay all costs as allowed under the Civil Rules and shall pay reasonable actual attorney's fees incurred by the offeror from the date the offer was made....
 Likewise, for cases filed on or after August 7, 1997, AS 09.30.065 provides in pertinent part:

that the first offer of judgment did not address every cause of action,[4] but argues that the offer still satisfied the purpose and text of Rule 68 (the offer-of-judgment rule) and AS 09.30.065 (the offer-of-judgment statute). Progressive asserts that Rule 68 and AS 09.30.065 do not compel the superior court's conclusion that, per *Fernandes v. Portwine*,[5] an offer of judgment must include all claims to be valid.[6] Progressive argues that Rule 68 and AS 09.30.065 intentionally use the word "claim" instead of "action" to allow for offers of judgment on individual claims, not just the entire action. Progressive asserts that "claim" refers to a cause of action but "action" refers to a totality of the claims. Reading "claim" to refer only to individual causes of action, Progressive argues that its first offer of judgment satisfied the rule and the statute and would have dramatically reduced the scope of the litigation.[7]

(a) At any time more than 10 days before the trial begins, either the party making a claim or the party defending against a claim may serve upon the adverse party an offer to allow judgment to be entered in complete satisfaction of the claim for the money or property or to the effect specified in the offer, with costs then accrued.... If the judgment finally entered on the claim as to which an offer has been made under this section is at least five percent less favorable to the offeree than the offer, or if there are multiple defendants at least 10 percent less favorable to the offeree than the offer, the offeree, whether the party making the claim or defending against the claim shall pay all costs as allowed under the Alaska Rules of Civil Procedure and shall pay reasonable actual attorney fees incurred by the offeror from the date the offer was made....

7. We exercise our independent judgment in reviewing the superior court's interpretation of Alaska Civil Rule 68. *Jackman v. Jewel Lake Villa One*, 170 P.3d 173, 177 (Alaska 2007) ("[q]uestions concerning an offer of judgment's meaning and whether the offer complies with Rule 68 raise issues of law, which we review independently"); *Cook Schuhmann & Groseclose, Inc. v. Brown & Root, Inc.*, 116 P.3d 592, 597 (Alaska 2005) ("[t]he interpretation of Rule 68 is a question of law that [we] review[ ] de novo" (internal quotations omitted)); *Thomann v. Fouse*, 93 P.3d 1048, 1050 (Alaska 2004) (applying independent standard of review to compliance of offer of judgment and reviewing offer terms as reasonable offeree would have understood them when offer was made). We apply the same standard in reviewing a superior court's interpretation of AS 09.30.065.

■ Progressive's argument is ultimately unavailing because Rule 68 and AS 09.30.065 require an offer to include every claim. The goal of Rule 68 is to encourage settlement and avoid litigation.[8] Both Rule 68 and AS 09.30.065 state that an offer must allow "judgment to be entered in complete satisfaction of the claim."[9] Both the rule and statute implicitly require that an offer of judgment include all claims between the parties and be capable of completely resolving the case by way of a final judgment if accepted.[10] As used in both the rule and the statute, the word "claim" refers to all litigated claims between the parties. To read "claim" any other way would subvert the goal of Rule 68 and AS 09.30.065 and permit piecemeal offers. Because Progressive's first offer of judgment did not include every claim and would not have ended the entire litigation between the parties, the superior court did not err in concluding that the first offer of judgment was not valid.

### B. The Superior Court Did Not Err in Rejecting Progressive's Rule 68 Attorney's Fees Request Based on the Second Offer of Judgment.

The superior court rejected Progressive's Rule 68 attorney's fees request after ruling that the second offer of judgment was "not valid." It first found that because Schumacher Enterprises, Inc. was still a defendant when the second offer was made, the ten-percent comparison (for offers made when there are multiple defendants) applied.[11] It then compared the amount of the second offer of judgment with the amount recovered. In concluding that the offer was

"not valid," it implicitly found that the amount recovered was not "at least 10 percent less favorable to the offeree than the offer."

■ Progressive argues that it was error not to enforce its second offer of judgment. It first asserts that because the court's two judgments awarded the Peters no damages and only awarded them $8,555 of attorney's fees, Progressive's second offer, for $52,501 plus add-ons, "was at least ten percent *more favorable*" to the Peters than the judgment finally rendered.[12] (Emphasis added.) Addressing the UIM recovery, Progressive reasons that "[v]oluntary payments and partial settlements are *not* the benchmark by which offers of judgment should be evaluated." (Emphasis in original.)

■ We first dispose of Progressive's alternative argument that, even if the UIM recovery may be compared with the offer, the amount offered "was at least 5 percent more favorable" than the amount recovered. Progressive's invocation of Rule 68's five-percent comparison is founded on its assertion that the two Progressive entities should be treated as a single defendant. But, as we will see, the success of the second offer does not turn on the number of defendants. Moreover, the superior court based its multiple-defendant ruling on its finding that Schumacher Enterprises was also a defendant when the offer was made. Progressive's appeal does not assert that this factual finding was clearly erroneous. It has therefore waived any challenge to the finding that un-

---

8. *Fernandes*, 56 P.3d at 9.

9. AS 09.30.065; Alaska R. Civ. P. 68.

10. *Cf. John's Heating Serv. v. Lamb*, 46 P.3d 1024, 1042 (Alaska 2002) (citing *Taylor Constr. Servs., Inc. v. URS Co.*, 758 P.2d 99, 102 (Alaska 1988)) (requiring offer to include all relationships among parties and their conflicting claims to trigger Rule 68 penalties for offer made by joint offerors to single offeree).

11. AS 09.30.065(a); Rule 68(b).

12. Progressive misreads Rule 68 when it argues that the second offer was successful because it

was "at least" five (or ten) percent *"more favorable"* to the Peters than the amount recovered. (Emphasis added.) The rule looks to whether the recovery is "at least" five (or ten) percent "less favorable" than the offer, not whether the offer is "at least" five (or ten) percent "more favorable" than the recovery. The phrases are not mathematically identical. To make a successful offer of judgment in anticipation that the offeree may obtain a $50,000 judgment, a single defendant must offer not $52,501, as Progressive did here, but $52,631.58 (the result of dividing $50,000 by .95). To defeat a $52,501 offer, an offeree only has to recover more than $49,875.95 (the product of multiplying $52,501 by .95); a $50,000 award therefore defeats a $52,501 offer, assuming one defendant.

derlies the superior court's conclusion that the ten-percent comparison applies.

■ The superior court's ruling that the second offer of judgment was "not valid" turns on an implicit factual finding that the offer was not large enough. To the extent Progressive challenges that finding, we review it de novo.[13] Progressive also argues that for purposes of Rule 68(b) and AS 09.30.065(a), it was error to treat the recovery as though it was a judgment finally rendered or entered by the court. This argument raises a legal question—how to interpret the rule and the statute—that we review exercising our independent judgment.[14]

Rule 68(b) and AS 09.30.065(a) call for awards of fees and costs against an offeree whose judgment is "at least five percent less favorable than the offer" (if there is one defendant), or is "at least 10 percent less favorable than the offer" (if there are multiple defendants).[15] Progressive's second offer of judgment was for $52,501 plus prejudgment interest, Rule 82 fees, and Rule 79 costs. According to the Peters' calculations on appeal, prejudgment interest totaled $9,146.67, and Rule 82 fees totaled $8,664.77.[16] Including the $52,501 principal amount, the total value of the second offer of

judgment was approximately $70,312.44. But the total amount paid on the Peters' UIM claim was $75,681.27. This amount, as Progressive explained in the superior court, represented the "facial underinsured motorist limits ... plus prejudgment interest and attorney's fees."[17] Because the amount recovered exceeded the amount that would have been paid had the offer been accepted, the amount recovered was necessarily not "at least" five or ten percent "less favorable" to the Peters than the offer.[18] This renders immaterial the parties' dispute about whether there were multiple defendants and therefore which percentage applies.

The dispute about the number of defendants nonetheless highlights a nuance in the current Rule 68 and statute. Since its amendment in 1997, Rule 68 states that

> [i]f the judgment finally rendered by the court is at least 5 percent less favorable to the offeree than the offer, or, if there are multiple defendants, at least 10 percent less favorable to the offeree than the offer, the offeree ... shall pay reasonable actual attorney's fees incurred by the offeror from the date the offer was made.[19]

Rule 68 previously required that the final judgment be less than the offer to trigger the

---

**13.** *Power Constructors, Inc. v. Taylor & Hintze,* 960 P.2d 20, 34 (Alaska 1998) ("Calculation of the value of a verdict to determine if it exceeded an offer of judgment presents questions of law, which we review de novo.").

**14.** *Cook Schuhmann & Groseclose, Inc. v. Brown & Root, Inc.,* 116 P.3d 592, 597 (Alaska 2005) ("The interpretation of Rule 68 'is a question of law that [this court] review[s] de novo, adopting the rule of law that is most persuasive in light of precedent, policy and reason.'" (internal quotations omitted)).

**15.** AS 09.30.065(a); Alaska R. Civ. P. 68(b); *see also Lowell v. Hayes,* 117 P.3d 745, 761 (Alaska 2005) (stating "Rule 68 requires the court to compare each individual offer to the final judgment"). The legislature in 1997 amended AS 09.30.065(a) to require awards of costs and fees against an offeree whose judgment "is at least five percent less favorable to the offeree than the offer" if there is one defendant, or "at least 10 percent less favorable to the offeree than the offer" if there are multiple defendants. Ch. 26, §§ 16, 17, SLA 1997. Rule 68(b) was also amended accordingly. Ch. 26, § 52, SLA 1997. The amended statute and rule apply here because

the Peters filed their complaint after the amendments became effective. Ch. 26, § 55, SLA 1997; Note to Supreme Court Order 1281.

**16.** Progressive did not calculate Rule 79 costs in the superior court and has not on appeal. The omission is immaterial. The Peters state that Rule 79 costs are "indeterminable."

**17.** This total does not include Rule 79 costs. Because no Rule 79 costs were included in the offer or the recovery, we compare the offer and the recovery without including any Rule 79 amounts.

**18.** Progressive seems to assume that the add-ons are equivalent, and that therefore the principal amount of the offer, $52,501, should be compared with the UIM facial limits of $50,000. Assuming the add-ons cancel each other out, a $52,501 offer is unsuccessful if the principal amount recovered exceeds $49,875.95 (the product of multiplying $52,501 by .95). *See supra* note 12.

**19.** Alaska R. Civ. P. 68(b).

rule's penalty.[20] The current rule thus now gives the offeree some leeway to recover somewhat less than the amount of the offer without suffering a Rule 68 penalty. For example, under the current rule if the only defendant offers $10,000, Rule 68 will not be triggered unless the plaintiff-offeree fails to recover more than $9,500.[21] Assuming (as Progressive argues) there was only one defendant, to avoid the penalty, the Peters had to recover more than $66,796.82 (ninety-five percent of $70,312.44, the total amount of Progressive's second offer). They did so.

Progressive raises a closer question by arguing that the second offer was greater than the judgments finally rendered or entered. One judgment awarded no damages and the other only awarded the Peters attorney's fees of $8,555. Progressive relatedly asserts that "[v]oluntary payments and partial settlements" are not "the benchmark" for evaluating offers of judgment. This raises the question whether the superior court, in denying Progressive's request for Rule 68 fees, erroneously considered the UIM recovery. Rule 68(b) speaks of "the judgment finally rendered by the court" and AS 09.30.065(a) speaks of "the judgment finally entered on the claim."

For several reasons, we conclude that the superior court did not err in considering the UIM recovery.

First, Progressive's argument rests on an overly technical reading of the rule and the statute. The August 27, 2002 order denying Progressive's summary judgment motion effectively held that the UIM coverage applied to the accident, even though it did not reach UIM liability or damages issues. As the Peters argue, the entry of the order "declaring that Progressive's coverage dispute was unfounded, amounts to the entry of summary judgment in favor of the Peters." Soon after, Progressive interpleaded $75,681.27 into the court registry. Progressive did so, it explained at the time, because the superior court "has concluded" that the injuries were "sufficiently caused" by use of the insured vehicle "to satisfy" the policy's coverage condition, and because we soon thereafter had denied Progressive's petition for review on the coverage issue. Progressive described the interpleader amount as representing "the underinsured motorist contract benefits." Under the circumstances, the order entered August 27, 2002 may be considered a partial "judgment" in favor of the Peters. The superior court, in considering Progressive's Rule 68 motion, therefore did not err in comparing the second offer of judgment with the amount Progressive paid to exhaust the UIM policy limits after entry of the August 27, 2002 order.

Second, this result is consistent with an analogous Civil Rule 82 case, *Hillman v. Nationwide Mutual Fire Insurance Co.*[22] The *Hillman* circumstances are comparable to those presented here. We there reversed an award of attorney's fees to Nationwide and remanded for a fees award to the Hillmans as prevailing parties.[23] The Hillmans had sued their insurer, asserting UIM and bad faith claims. After a judicial ruling held that they were covered by their UIM insurance, arbitration of their UIM claim decided fault, causation, and damages in their favor. Their insurer then paid them $50,000, the facial limits of their UIM coverage. The Hillmans then continued litigating in superior court. That court granted summary judgment to the insurer on the Hillmans' bad faith claims, entered final judgment for the insurer, and awarded the insurer Rule 82 prevailing party fees. Although we affirmed the summary judgment that rejected the bad faith claims, we reversed the fees award, stating that "Here ... plaintiff prevailed on the basic liability question and received an affirmative recovery based on its litigation of that question, which was substantial in

---

**20.** *See* former Alaska R. Civ. P. 68(b).

**21.** *See* Alaska R. Civ. P. 68(b). ($10,000 minus 5% of $10,000 equals $9,500.) The rule's penalty applies if the plaintiff in the example recovers $9,500 or less, and does not apply if plaintiff recovers any amount greater than $9,500.

**22.** *Hillman v. Nationwide Mut. Fire Ins. Co.,* 855 P.2d 1321, 1328 (Alaska 1993).

**23.** *Id.* at 1328.

amount." [24] Even though we assumed that the Hillmans were "no doubt disappointed" that they did not receive damages on their bad faith claims, we thought it controlling that "they prevailed against vigorous opposition on their claim of policy coverage and received $50,000 on that claim. This recovery cannot be classified as an incidental one unrelated to the main focus of the litigation in this case." [25]

In ruling as a matter of law that the Hillmans were the prevailing parties, we looked at both their victory on the coverage issue and the amount of their recovery.[26] In effect, we held that trial courts may consider non-judgment financial recoveries in determining who is the prevailing party under Rule 82.[27] We quoted as follows from earlier decisions: "[T]he prevailing party is the one 'who has successfully prosecuted or defended against the action, the one who is successful on the 'main issue' of the action and 'in whose favor the decision or verdict is rendered and *the judgment entered.*' "[28] Applying that standard, we held that the Hillmans were the prevailing parties, even though no "judgment" had been "entered" for them at the conclusion of the case.

Third, no final judgment awarded damages to the Peters, but equivalent circumstances justified the superior court in considering their recovery for purposes of Rule 68. It was in the best position to consider whether the circumstances warranted treating the 2003 recovery as though it was either the result of the August 27, 2002 order or was subsumed in the 2006 final judgment. The superior court therefore did not commit legal error in considering the recovery in deciding Progressive's request for Rule 68 fees. Progressive asserts here, as it did below, that the payment was voluntary or a partial settlement. The superior court was not compelled to accept these characterizations or to think that they mattered.

Fourth, a hypothetical example helps explain why it was permissible to treat the recovery as part of the judgment. In a lawsuit seeking damages for an alleged breach of contract, the defendant makes an unaccepted $100,000 offer of judgment. After continued litigation and shortly before trial, the defendant tenders $80,000 to the plaintiff; the tender is not conditioned on dismissal and denies liability. Plaintiff accepts the money and proceeds to trial seeking the rest of the alleged damages. Following trial, the judge finds for plaintiff and awards $40,000 in undischarged damages. Arguing that the $40,000 award is substantially less than the $100,000 offer of judgment, defendant seeks a Rule 68 award. Unless the $80,000 prior recovery is considered, defendant will recover a Rule 68 award. In our view, the trial could validly decide that the pre-trial payment on the contract claim should be added to the trial award on the same claim to decide whether the "judgment finally rendered" is large enough to avoid the Rule 68 penalty. A similar result seems appropriate should the defendant unilaterally pay all damages before trial, requiring entry of a judgment of dismissal.

Fifth, abusive offer-of-judgment tactics could be encouraged if a trial court could not in these circumstances consider a recovery not expressly awarded by the court. As the Peters argue, "To hold otherwise would be to create a loophole allowing parties to either escape or create the punitive measures of an offer of judgment by simply making a gratuitous payment prior to the entry of a final judgment. Such a loophole would ... effectively avoid the rule." We are not implying that Progressive engaged in abusive tactics in making the second offer of judgment, in tendering the UIM policy limits payment, or in seeking Rule 68 fees. Indeed, its offer attempted to address the UIM claim, and sought to protect Progressive from very expensive and hard-fought litigation even though Progressive misread the rule and

---

24. *Id.*

25. *Id.*

26. *Id.*

27. *Id.*

28. *Id.* at 1327 (quoting *Day v. Moore,* 771 P.2d 436, 437 (Alaska 1989) (quoting *Adoption of V.M.C.,* 528 P.2d 788, 795 n. 14 (Alaska 1974) (emphasis added))).

miscalculated its offer. But the size of its requested Rule 68 fees award, $622,594.75, illustrates the potential for abuse, and how unconditional acceptance of an eve-of-trial payment could trigger an unexpected and ruinous penalty.

The superior court did not err by considering Progressive's payment in deciding whether the second offer of judgment required imposition of a Rule 68 penalty. This conclusion makes it unnecessary for us to consider the Peters' alternative contention (raised for the first time on appeal) that Progressive's second offer was invalid because it was "directed at more than one party." [29]

### C. The Superior Court Did Not Abuse Its Discretion by Determining that the Peters Were the Rule 82 Prevailing Parties.

The superior court awarded the Peters Rule 82(b)(1) (contested without trial) attorney's fees of $8,555. Progressive argues that it was error to award the Peters any attorney's fees, because Progressive was actually the prevailing party. It contends that the Peters failed to win a single claim; that fourteen of the Peters' sixteen original claims were resolved in Progressive's favor; that one claim was voluntarily dismissed by the parties; and that Progressive voluntarily paid on the remaining claim (for UIM benefits). Progressive also argues that no money judgment was entered for the Peters, and that the superior court only determined that

the injury arose from the mother's ownership of the vehicle, but did not resolve other necessary elements of the Peters' UIM claim.[30] It also asserts that the Peters' recovery of UIM benefits represents only a "tiny fraction" of the Peters' lowest settlement demand and that Progressive was the prevailing party because it defeated claims of great potential liability. Progressive contends that insurance coverage was not the "main issue" of the litigation and that the Peters' large punitive damages request was the main reason for the litigation. If insurance coverage was the main issue, Progressive questions why the Peters continued to litigate for years following payment of the UIM benefits.[31]

 The law governing the review of Rule 82 attorney's fees decisions is well established. Rule 82 directs that the prevailing party shall be awarded attorney's fees.[32] Determining who is the prevailing party is committed to the broad discretion of the trial court.[33] We review for abuse of discretion a trial court's prevailing party determination.[34] Prevailing party determinations will be overturned only if they are manifestly unreasonable.[35] The prevailing party is the one who has successfully prosecuted or defended against the action, the one who is successful on the "main issue" of the action and "in whose favor the decision or verdict is rendered and the judgment entered." [36] A plaintiff may prevail even if he or she fails to recover all the relief prayed for.[37]

**29.** Cf. *Pagenkopf v. Chatham Elec. Inc.*, 165 P.3d 634, 638 (Alaska 2007) ("In applying Rule 68, we have consistently emphasized that an enforceable offer must be unambiguous.").

**30.** Progressive argues that for UIM coverage to apply, the Peters still had to establish that Samuel Peter, Jr.'s injuries resulted from his mother's negligence.

**31.** Progressive also briefly argues that because final judgment was entered in its favor and affirmed on appeal, the law of the case makes Progressive the prevailing party. The final judgment and the subsequent appeal did not address, much less resolve in Progressive's favor, the UIM coverage issues considered when the superior court denied Progressive's UIM summary judgment motion in 2002 and when Progressive paid the UIM coverage limits in January 2003. It is not obvious how the law of the case doctrine could benefit Progressive as to the prevailing

party issue, and Progressive's terse mention of the doctrine is unconvincing.

**32.** Alaska R. Civ. P. 82(a).

**33.** *Hillman v. Nationwide Mut. Fire Ins. Co.*, 855 P.2d 1321, 1326 (Alaska 1993).

**34.** *Interior Cabaret, Hotel, Rest. & Retailers Ass'n v. Fairbanks N. Star Borough*, 135 P.3d 1000, 1002 (Alaska 2006); see *Curran v. Hastreiter*, 579 P.2d 524, 531 (Alaska 1978).

**35.** *Interior Cabaret*, 135 P.3d at 1002.

**36.** *Hillman*, 855 P.2d at 1327 (internal quotations and citation omitted).

**37.** *Blumenshine v. Baptiste*, 869 P.2d 470, 474 (Alaska 1994) (citing *Hillman*, 855 P.2d at 1328).

The superior court based its prevailing party determination on Progressive's payment to the Peters after the court denied Progressive's March 2002 summary judgment motion. That motion had argued that Samuel, Jr.'s injuries did not result from the use of an underinsured vehicle and that he was therefore not entitled to recover UIM benefits. Had it succeeded, the motion would have established as a matter of law that Samuel, Jr. was not entitled to UIM benefits and that Progressive was entitled to summary judgment on that claim. The superior court denied Progressive's motion. The superior court analyzed Progressive's arguments under the three-factor test we adopted in *Shaw v. State Farm Mutual Automobile Insurance Cos.* to determine whether an accident arises out of the "use" of an automobile.[38] The superior court concluded that (1) there was a causal connection between the use of the Peters' vehicle and Samuel, Jr.'s accident, (2) Samuel, Jr.'s exit from the Peters' vehicle was not necessarily an act of independent significance that broke the causal connection, and (3) the Peters' vehicle was used to transport Samuel, Jr. Based on these conclusions, the superior court denied Progressive's motion. The ruling effectively resolved the UIM coverage issue against Progressive. Progressive filed a petition for review, which we denied. Soon after we denied Progressive's petition in October 2002, Progressive interpleaded $75,681.27 into the court registry for the Peters' benefit. Progressive's interpleader memorandum stated that this amount represented the facial limit ($50,000) of the UIM coverage plus prejudgment interest and attorney's fees. Progressive argues on appeal that the superior court's denial of its summary judgment motion did not resolve whether coverage existed; it also argues that no money judgment was ever entered for the Peters because Progressive's payment was not a money judgment.

Progressive's arguments do not persuade us that the superior court abused its discretion in treating the Peters as the prevailing parties.

The fact the Peters only recovered on one claim is not controlling. Recovery does not guarantee prevailing party status, but plaintiffs should not be penalized for recovering less than what they originally sought.[39] Parties who do not recover on every issue can still be regarded as prevailing if they nonetheless recover a significant damage award on the main issue.[40] Even if a party prevails on only one of the main issues, it is not necessarily ineligible for being considered the prevailing party.[41] The Peters sought a large recovery, and admit on appeal that they were disappointed not to recover compensatory and punitive damages related to their bad faith claims. But they recovered the full UIM policy limits and received a total of $75,681.27; this was not a *de minimis* recovery.[42] The Peters recovered a significant award on one of the main issues litigated.

We are also unpersuaded by Progressive's characterization of its payment as voluntary. Although the payment was voluntary in the sense that no judgment required

38. *Shaw v. State Farm Mut. Auto. Ins. Cos.*, 19 P.3d 588, 592 (Alaska 2001) (adopting Minnesota three-factor test for "use" of automobile: (1) extent of causation between automobile and injury; (2) whether act of independent significance occurred, breaking causal link between "use" of vehicle and injuries inflicted; and (3) what type of "use" of automobile was involved).

39. *Blumenshine*, 869 P.2d at 474 (stating "a plaintiff should not be penalized for a small recovery").

40. *Id.* (holding that party was prevailing party because he recovered full damages for past medical expenses and $16,001 for past and future physical impairment and pain and suffering even though he did not prevail on every issue in case). *But see Hutchins v. Schwartz*, 724 P.2d 1194,
1204 (Alaska 1986) (holding superior court did not abuse its discretion by determining defendant was prevailing party when plaintiff who sought $275,000 recovered less than $1,937.09).

41. *See Day v. Moore*, 771 P.2d 436, 437 (Alaska 1989) (holding that plaintiff who succeeded in one of three similar claims and defeated counterclaim was prevailing party); *W. Airlines, Inc. v. Lathrop Co.*, 535 P.2d 1209, 1217 (Alaska 1975) (holding that party was prevailing party when it succeeded on one of the main issues of litigation even though opposing party succeeded on another main issue of litigation).

42. *Cf. Hutchins*, 724 P.2d at 1194.

that it be paid, it defies credulity to suggest that Progressive's payment of the full value of the UIM claim was not a product of the litigation. We are also unpersuaded by Progressive's contention that the payment was a "settlement." A settlement is "[a]n agreement ending a dispute or lawsuit."[43] The Peters gave up nothing to obtain Progressive's payment. There was no bargained-for exchange. The events leading up to the payment make it clear that the payment was not a settlement.[44]

 We have held that "the catalyst theory can be an appropriate method for determining prevailing party status for attorney's fees purposes when a lawsuit brings about relief in a manner other than formal judgment."[45] Under the catalyst theory, to establish prevailing party status "a party must demonstrate (1) that it achieved the goal of the litigation by succeeding on any significant issue which achieves some of the benefit sought in bringing the suit, and (2) that there is a causal connection between the defendant's action generating relief and the lawsuit."[46] The superior court did not make factual findings to support the catalyst theory, but that theory seems apt here.

One of the Peters' claims sought payment of the UIM policy limits. The Peters eventually received the benefit of the full UIM policy limits, and thus the full amount in dispute on that claim. Under the circumstances, the absence of a formal judgment for the Peters on their UIM claim does not foreclose prevailing party status.

In determining that the Peters were the prevailing parties the superior court stated that it was guided by our decision in Hill-

man v. Nationwide Mutual Fire Insurance Co.[47] Hillman broadly supports the conclusion that the superior court could, in its discretion, treat the Peters as the prevailing parties because their recovery was not incidental and was related to the main focus of the litigation of the case.[48] The superior court did not err in relying on Hillman.

In short, the superior court's prevailing party determination was not manifestly unreasonable and we affirm its determination that the Peters were the prevailing parties.

## D. The Superior Court Did Not Award Duplicative Attorney's Fees.

 The superior court awarded the Peters $8,555 in attorney's fees calculated under the Rule 82(b)(1) "contested without trial" schedule on Progressive's $75,681.27 payment.[49]

 Progressive argues that the superior court erred by awarding attorney's fees calculated on the UIM payment, which already included a sum for attorney's fees.[50] The interpleaded amount, $75,681.27, included an amount for "contested with trial" attorney's fees calculated under Rule 82(b)(1) on the total of the UIM facial limits plus prejudgment interest. Progressive asserts that the superior court's Rule 82 attorney's fees award duplicated the attorney's fees component included in the interpleaded amount.

 Progressive's arguments are unpersuasive. We first articulated the "mirror image" rule in State Farm Mutual Automobile Insurance Co. v. Harrington, stating that "policy limits are what an insurance

---

**43.** BLACK'S LAW DICTIONARY 1404–05 (8th ed.2004).

**44.** We do not have to decide whether a party receiving a monetary recovery following a true settlement involving a bargained-for quid pro quo exchange could ever be a prevailing party.

**45.** *Interior Cabaret, Hotel, Rest. & Retailers Ass'n v. Fairbanks N. Star Borough*, 135 P.3d 1000, 1008 (Alaska 2006); *see also DeSalvo v. Bryant*, 42 P.3d 525, 530 (Alaska 2002).

**46.** *Interior Cabaret*, 135 P.3d at 1008 (citing *DeSalvo*, 42 P.3d at 530) (internal quotations omitted).

**47.** *Hillman v. Nationwide Mut. Fire Ins. Co.*, 855 P.2d 1321 (Alaska 1993).

**48.** *Id.* at 1328.

**49.** Under Rule 82's contested without trial schedule, attorney's fees are eighteen percent of the first $25,000 plus eight percent of the next $75,000. For the $75,681.27 payment this equals $8,555: (25,000 × 0.18) + (50,861.27 × 0.08) = (4,500) + (4,055) = $8,555.

**50.** We review a trial court's decision regarding attorney's fees for abuse of discretion. *E.g., Fernandes v. Portwine*, 56 P.3d 1, 3–4 (Alaska 2002).

company would have to pay under its policy if it went to trial and received an adverse verdict."[51] To calculate its maximum potential policy liability, an insurance company assumes that the case went to trial and that an adverse verdict was entered as of the date of the offer.[52] To satisfy its contractual duty to the Peters under the UIM coverage, Progressive had to pay not only the UIM facial limits and prejudgment interest on those limits, but also Rule 82 attorney's fees on the total of those limits and the prejudgment interest because the Peters were represented. Progressive included these amounts in its $75,681.27 payment. Its payment therefore represented the policy limits Progressive was contractually required to pay. But because the Peters had to retain counsel to enforce the UIM contract and obtain what the contract promised them, they were entitled to a Rule 82 attorney's fees award to make them at least partially whole on their contractual recovery. The superior court's Rule 82 award of attorney's fees on the $75,681.27 payment to the Peters was not duplicative.

## IV. CONCLUSION

The challenged orders of the superior court are therefore AFFIRMED.

**51.** *State Farm Mut. Auto. Ins. Co. v. Harrington,* 918 P.2d 1022, 1026 (Alaska 1996).

**52.** *State Farm Mut. Auto. Ins. Co. v. Lestenkof,* 144 P.3d 504, 508 (Alaska 2006) (citing *Maloney v. Progressive Specialty Ins. Co.,* 99 P.3d 565, 568–69 (Alaska 2004) (holding offer was for policy limits even without Rule 82 attorney's fees component because litigant was unrepresented at time of offer)).