**Brian L. TAYLOR, Appellant,**

v.

**Karen MOUTRIE–PELHAM, Appellee.**

**No. S–13432.**

Supreme Court of Alaska.

Feb. 11, 2011.

---

David R. Edgren, Edgren Law Offices, LLC, Anchorage, for Appellant.

No appearance by Appellee.

Before: CARPENETI, Chief Justice, FABE, WINFREE, CHRISTEN, and STOWERS, Justices.

## OPINION

WINFREE, Justice.

### I. BACKGROUND

Brian Taylor sued Karen Moutrie–Pelham, alleging that: (1) he gave her $30,000 for a down payment on a home she agreed to help him buy, but she neither helped him nor returned the money; and (2) she breached a lease agreement for a property she leased to him. Moutrie–Pelham counterclaimed, alleging that Taylor breached the lease agreement. After a bench trial, the trial court noted its difficulty in deciding the case because both parties lacked credibility, provided inconsistent information, and appeared to make up facts. The court determined that Moutrie–Pelham converted $23,000 received from Taylor, but also determined that Taylor owed $10,574 in damages to Moutrie–Pelham for breaching the lease agreement. The court concluded "that neither party prevailed in this litigation." When final offset judgment was granted in favor of Taylor, no attorney's fees were awarded. Taylor appeals the trial court's prevailing party determination. Because the trial court did not abuse its discretion in determining that neither party prevailed in this case, we affirm that determination.

### II. STANDARD OF REVIEW

We review a trial court's prevailing

party determination for abuse of discretion.[1] We will reverse a prevailing party determination only if it is arbitrary, capricious, manifestly unreasonable, or improperly motivated.[2]

## III. DISCUSSION

 Under Alaska Civil Rule 82, "[e]xcept as otherwise provided by law or agreed to by the parties, the prevailing party in a civil case shall be awarded attorney's fees."[3] "The prevailing party is the one who has successfully prosecuted or defended against the action, the one who is successful on the 'main issue' of the action and 'in whose favor the decision or verdict is rendered and the judgment entered.'"[4] "[W]here each party has prevailed on a main issue the court retains discretion to refrain from characterizing either as the prevailing party, and a denial of attorney costs and fees in such instances is appropriate."[5]

Taylor argues the trial court should have named him the prevailing party, thereby allowing him to obtain attorney's fees, because he "substantially prevailed" on the main issue in the litigation—his claim for $30,000— even though he did not recover the full $30,000 he sought. Taylor speculates the trial court improperly counted claims, calculating that Moutrie–Pelham simply won on more individual claims than Taylor, to deny him prevailing party status.[6] He also asserts the trial court improperly considered Moutrie–Pelham's recovery of $7,000 for unpaid

rent under the lease agreement because Taylor did not contest that claim.

Taylor fails to recognize that the trial court could reasonably conclude that the lease dispute, which he lost, was a "main issue" in this case and not just a peripheral one. First, Taylor raised the issue in his complaint by claiming Moutrie–Pelham breached the lease agreement. Taylor originally alleged that he had not abandoned the leasehold property and that Moutrie–Pelham unlawfully entered the premises and seized his personal property, although he now attempts to downplay the lease dispute by asserting that such claims were minor and "flowed from" his $30,000 claim. Second, Moutrie–Pelham raised the lease dispute in her counterclaim, alleging that Taylor "violated the lease agreement by failing to pay rent, damaging the structure[,] and ... abandoning the residence without notice." Third, the trial court awarded $10,574 in damages to Moutrie–Pelham for Taylor's breach of that agreement, nearly half of Taylor's own $23,000 recovery on his conversion claim.

 Although the trial court did not explain its determination that neither party was the prevailing party, taking this litigation as a whole its conclusion is not manifestly unreasonable—each party prevailed on a main issue in the litigation.[7] We reject Taylor's argument that the trial court should not have considered Moutrie–Pelham's recovery of $7,000 in unpaid rent because he did not contest the issue. In considering prevailing

1. *Fernandes v. Portwine,* 56 P.3d 1, 5 (Alaska 2002).

2. *Tobeluk v. Lind,* 589 P.2d 873, 878 (Alaska 1979).

3. Alaska R. Civ. P. 82(a).

4. *Progressive Corp. v. Peter ex rel. Peter,* 195 P.3d 1083, 1092 (Alaska 2008) (quoting *Hillman v. Nationwide Mut. Fire Ins. Co.,* 855 P.2d 1321, 1327 (Alaska 1993)).

5. *Tobeluk,* 589 P.2d at 877 (citing *City of Valdez v. Valdez Dev. Co.,* 523 P.2d 177, 184 (Alaska 1974)).

6. *Cf. State, Dep't of Corr. v. Anthoney,* 229 P.3d 164, 167–68 (Alaska 2010) (noting courts should not count claims to determine prevailing party status).

7. The trial court provided sufficiently detailed findings "to give [this] court a clear understanding of the basis of ... [its] decision, and to enable [this court] to determine the ground on which the trial court reached its decision." *Hanlon v. Hanlon,* 871 P.2d 229, 233 (Alaska 1994) (quoting *Lang v. Lang,* 741 P.2d 1193, 1195 (Alaska 1987)). This case is distinguishable from *Cooper v. Carlson,* a case we remanded after the superior court failed to specify the prevailing party and declined to award attorney's fees, because in that case we were "confronted with the difficulty of not knowing whether the court denied the fee in the exercise of its discretion or under the mistaken belief that Cooper was not the prevailing party." 511 P.2d 1305, 1307, 1311 (Alaska 1973).

party status the trial court should ask the "objective question ... whether [the party] obtained the relief it sought,"[8] and here Moutrie–Pelham sought and obtained relief for unpaid rent.

The trial court did not abuse its discretion by declining to name either Taylor or Moutrie–Pelham the prevailing party in this case because "where each party has prevailed on a main issue[,] the court retains discretion to refrain from characterizing either as the prevailing party, and a denial of attorney costs and fees in such instances is appropriate."[9]

## IV. CONCLUSION

We AFFIRM the trial court's prevailing party determination.

---

**8.** *Alaska Ctr. for the Env't v. State,* 940 P.2d 916, 922 (Alaska 1997).

**9.** *Tobeluk,* 589 P.2d at 877 (citing *Valdez Dev. Co.,* 523 P.2d at 184).