*Notice: This opinion is subject to correction before publication in the PACIFIC REPORTER. Readers are requested to bring errors to the attention of the Clerk of the Appellate Courts, 303 K Street, Anchorage, Alaska 99501, phone (907) 264-0608, fax (907) 264-0878, email corrections@appellate.courts.state.ak.us.*

THE SUPREME COURT OF THE STATE OF ALASKA

| | |
|---|---|
| JEAN SCHULTZ, as Guardian of Dennis P. Hutchinson, Jr.; and THE TRUST ADVISORY COMMITTEE, created under THE DENNIS P. HUTCHINSON, JR. TRUST, | ) ) ) ) ) |
| | ) Supreme Court No. S-14673 |
| Appellants, | ) |
| | ) Superior Court No. 3AN-10-01399 PR |
| v. | ) |
| | ) O P I N I O N |
| WELLS FARGO BANK, N.A., | ) |
| | ) No. 6786 - June 7, 2013 |
| Appellee. | ) ) |

Appeal from the Superior Court of the State of Alaska, Third Judicial District, Anchorage, Sen K. Tan, Judge.

Appearances: Russell L. Winner, Winner & Associates, P.C., Anchorage, for Appellants. Gary A. Zipkin and Josh Van Gorkom, Guess & Rudd P.C., Anchorage, for Appellee.

Before: Fabe, Chief Justice, Winfree, Stowers, Maassen, and Bolger, Justices.

WINFREE, Justice.

I.      INTRODUCTION

A trust advisory committee spent four years seeking property insurance premium and coverage information from the trustee. The committee then petitioned the

superior court for relief, contending that the trustee's failure to disclose information was a breach of fiduciary duty, requesting that the court compel the trustee to fulfill multiple information and document requests, and seeking an attorney's fees award under Alaska Civil Rule 82. The superior court granted approximately half of the committee's information and document requests and required the trustee to provide copies of the insurance policy. But the superior court found that neither party clearly prevailed and denied the committee's attorney's fees request. The committee appeals, arguing that the superior court misinterpreted Rule 82 and abused its discretion by not determining that the committee was the prevailing party entitled to a fee award. We reverse.

## II. FACTS AND PROCEEDINGS

The Dennis P. Hutchinson, Jr. Trust owns two residential properties. Wells Fargo Bank, N.A., has been the trustee since 1999. Jean Schultz, the beneficiary's mother and guardian, is one of three Trust Advisory Committee members.[1] The trust agreement requires the trustee to manage trust finances, meet annually with the Committee, provide statements of trust transactions and assets, and "maintain insurance against such hazards as the [trustee] and [the Committee] shall deem appropriate."

In 2005 the Committee learned that the trust's real property insurance premiums had increased significantly. After the Committee's attorney contacted Wells Fargo, the Committee learned that the trust's real property insurance policies were not purchased through local insurance markets; rather, they were purchased through a Wells Fargo insurance program under a master policy issued to Wells Fargo. Between September 2005 and August 2009 the Committee's attorney corresponded with Wells Fargo on multiple occasions, requesting to review the insurance policy and other

---

[1] Although Schultz is a party in this matter independent of the Committee, our further references to the Committee include her and her independent claim.

documents relating to the higher premiums being paid by the trust under Wells Fargo's insurance program. Unsatisfied with the responses and information received, the Committee ultimately petitioned the superior court to require Wells Fargo to provide the insurance policy, related documents, and information about Wells Fargo's insurance program and its relationship to other entities involved in the insurance program.

The Committee alleged that after repeated requests for the insurance policy and other documents and information, it learned that: (1) Wells Fargo insured all properties of trusts it managed through the master insurance policy; (2) the trust was unable to opt out of Wells Fargo's insurance program; (3) the insurance purchased for the trust's properties was purchased without the Committee's agreement; (4) the premiums paid under Wells Fargo's master policy appeared higher than standard insurance coverage; (5) the policy also protected Wells Fargo from liability with respect to the trust; (6) Wells Fargo was the insured under the policy; and (7) Wells Fargo refused to provide insurance documents relevant to the trust's interests. The Committee further alleged that after years of requests it remained "uninformed about many of the basic facts regarding the insurance that Wells Fargo obtained under the [insurance program] and is charging to the [t]rust [and has] received no underlying documents to confirm what [it has] been told by Wells Fargo."

The Committee requested an order requiring Wells Fargo to provide the master insurance policy. The Committee also sought information and documents detailing: (1) Wells Fargo's relationship to other entities involved in the insurance program; (2) individual trust property premium allocation determinations; (3) how Wells Fargo handled losses and replacement valuations; (4) the number and type of trusts held by Wells Fargo; (5) Wells Fargo's internal trust administration procedures; and (6) proposals for a new master insurance policy under the insurance program. The Committee attached a list of 14 specific requests for information and 12 specific requests

for documents.  Finally, the Committee requested costs and attorney's fees for having to file the petition.

Wells Fargo responded that it did not use trust assets to insure itself against potential liability to beneficiaries, it did not profit from the insurance on trust properties, and the Committee's requests for documents and information "far exceed[ed] the scope of AS 13.36.080(a), which only entitles trust beneficiaries to relevant information about the administration of the trust in question."[2]  Wells Fargo did not dispute that its fiduciary duty included keeping a trust beneficiary "reasonably informed of the trust and its administration . . . [and], upon reasonable request, [to] provide . . . relevant information about the assets of the trust and the particulars relating to the administration,"[3] but asserted that it had been responsive to the Committee's requests and had never refused to provide relevant information.  Wells Fargo further maintained that "AS 13.36.080 does *not* sanction unrestricted access to all of the trustee's internal files, processes, policies and communications, especially where the trustee is responsible for insuring over 7,000 separate properties." (Emphasis in original.)  Finally, Wells Fargo contended that the Committee's petition was more like a request for pre-suit discovery,

---

[2]     AS 13.36.080(a) provides:

> The trustee shall keep the beneficiaries of the trust reasonably informed of the trust and its administration. In addition,
>
> . . . .
>
> (2) upon reasonable request, the trustee shall provide the beneficiary with a copy of the terms of the trust that describe or affect the beneficiary's interest and with relevant information about the assets of the trust and the particulars relating to the administration . . . .

[3]     *Id.*

the Committee had not followed the proper procedures for pre-suit discovery outlined in Rule 27, and the Committee was not entitled to pre-suit discovery.

Wells Fargo offered to provide the Committee the master insurance policy, but only if the policy were redacted and subject to a protective order. Wells Fargo explained that redaction was necessary because it was not authorized to disclose information about the thousands of other trust properties insured under the policy, and that the protective order was necessary because it "has a proprietary interest in maintaining the confidentiality of the terms and conditions of coverage and Wells Fargo would potentially suffer a competitive disadvantage should the Master Insurance Policy be disclosed to competitors." Wells Fargo contended that the majority of the Committee's 14 information and 12 document requests exceeded the scope of information it was required to provide the Committee.

In February 2011 a probate master considered the dispute. The master analyzed the fiduciary duty that trustees owe beneficiaries under AS 13.36.080, explaining that "the [Committee] in the reasonable exercise of [its] own fiduciary duty seek[s] responses to requests for information and supporting documentation from [Wells Fargo] to assuage [its] concerns about trust property insurance, coverage and cost." The master further explained that "Wells Fargo . . . should be required to provide to [the Committee] all information and documents reasonably required for the beneficiary's representatives to be fully informed and equipped to appropriately meet its duties according to the [t]rust."

The master found that the Committee's requests for information about Wells Fargo's internal decision making and relationship to other financial entities went beyond Wells Fargo's fiduciary duty to provide information. The master recommended "that the Court direct the Trustee to provide document[s] and information in response to only those requests which appear to clearly pertain to the Trustee's duty to inform." The

master recommended that Wells Fargo be ordered to comply with six of the Committee's information requests and seven of the Committee's document requests. Finally, the master recommended that no party be liable for costs and attorney's fees, explaining that "[w]here each party may be found to have prevailed in part on contested issues the court may fairly conclude that neither is a prevailing party and entitled to a Civil Rule 82 award of costs and fees."

After the master issued the report, the Committee submitted its objections to the superior court. The Committee argued that Wells Fargo should be required to provide all of the requested information and documents, rather than only those items the master identified. The Committee also argued that the information and documents the master did identify for production were "the essential, core information and documents that [the Committee] had requested." The Committee requested full attorney's fees, arguing that it was the prevailing party and that, under Rule 82(b)(3)(K) and common law, a trustee's breach of fiduciary duty warrants a full attorney's fees award.

In September 2011 the superior court adopted the master's recommendations. The court's order denied the Committee's request for attorney's fees, explaining that "the [t]rust is allowed roughly half of its disclosure requests. Neither party clearly prevailed here. Therefore, the court declines to award attorney's fees." The court also granted Wells Fargo a protective order regarding the information and documents to be provided to the Committee.

The Committee appeals the superior court's determination that neither party prevailed and its decision not to award attorney's fees to the Committee.

III. **STANDARD OF REVIEW**

"We exercise our independent judgment in reviewing whether a trial court

has applied the appropriate legal standard in making its prevailing party determination."[4] We have held that we will review "a trial court's prevailing party determination for abuse of discretion"[5] and "will overturn prevailing party determinations 'only if they are manifestly unreasonable.'"[6]

## IV. DISCUSSION

Rule 82(a) provides: "Except as otherwise provided by law or agreed to by the parties, the prevailing party in a civil case shall be awarded attorney's fees calculated under this rule." We have "consistently held that both the determination of prevailing party status and the award of costs and fees are committed to the broad discretion of the trial court."[7] "Therefore, any party seeking to overturn a trial court's decision in this regard has a heavy burden of persuasion."[8]

The Committee argues that we should not defer to the superior court's decision — that we should review de novo and not apply the abuse of discretion standard of review — because the superior court misinterpreted Rule 82 and aggregated claims when making its prevailing party determination. The Committee alternatively argues that the trial court erred in determining that the Committee was not the prevailing party.

---

**4** *State v. Jacob*, 214 P.3d 353, 358 (Alaska 2009) (quoting *Halloran v. State, Div. of Elections*, 115 P.3d 547, 550 (Alaska 2005)) (internal quotation marks omitted).

**5** *Taylor v. Moutrie-Pelham*, 246 P.3d 927, 928-29 (Alaska 2011).

**6** *Alliance of Concerned Taxpayers, Inc. v. Kenai Peninsula Borough*, 273 P.3d 1123, 1126 (Alaska 2012) (quoting *Progressive Corp. v. Peter ex rel. Peter*, 195 P.3d 1083, 1092 (Alaska 2008)).

**7** *K & K Recycling, Inc. v. Alaska Gold Co.*, 80 P.3d 702, 721 (Alaska 2003) (quoting *Tobeluk v. Lind*, 589 P.2d 873, 878 (Alaska 1979)) (internal quotation marks omitted).

**8** *Western Airlines, Inc. v. Lathrop Co.*, 535 P.2d 1209, 1217 (Alaska 1975).

The Committee argues that our prior decisions have established legal standards for prevailing party determinations — courts may not aggregate claims and parties prevail if they obtain some meaningful relief — and that the superior court's application of these standards should be reviewed de novo. The Committee is correct that we have explained a party may prevail even if it wins only one of many claims[9] and that we have cautioned courts not to merely count claims to determine prevailing party status.[10] Although these cases provide some support for the Committee's argument, we believe our decisions explaining that parties may prevail when winning only a few claims and cautioning against aggregating claims are better characterized as identifying the bounds of judicial discretion, rather than as adding legal standards to Rule 82.[11]

"The prevailing party is the one who has successfully prosecuted or defended against the action, the one who is successful on the main issue of the action and in whose favor the decision or verdict is rendered and the judgment entered."[12] "[D]etermination of prevailing party status has therefore traditionally focused on the litigation itself."[13] "A plaintiff may prevail even if he or she failed to recover all of the

---

[9] *See, e.g.*, *Progressive Corp.*, 195 P.3d at 1093.

[10] *See, e.g.*, *State, Dep't of Corr. v. Anthoney*, 229 P.3d 164, 168 (Alaska 2010).

[11] *See id.* (discussing whether it is improper for courts to count claims and determining that court did not abuse its discretion when designating as prevailing a party who won on only a few claims).

[12] *Taylor v. Moutrie-Pelham*, 246 P.3d 927, 929 (Alaska 2011) (quoting *Progressive Corp.*, 195 P.3d at 1092) (internal quotation marks omitted).

[13] *City of Kenai v. Friends of the Recreation Ctr., Inc.*, 129 P.3d 452, 460 (Alaska 2006).

relief prayed for,"[14] and "a plaintiff who recovers on only one claim may be designated the prevailing party."[15] When "considering prevailing party status the trial court should ask the 'objective question . . . whether [the party] obtained the relief it sought.' "[16]

"[A] trial court does not abuse its discretion in refusing to award fees where neither party can be characterized as the prevailing party."[17]  "[W]hen both parties prevail on main issues, the superior court may also opt not to designate a prevailing party."[18] If a court "refrain[s] from characterizing either [party] as the prevailing party, [then] a denial of attorney costs and fees . . . is appropriate."[19] We have found "no abuse of discretion in the superior court declaring the case a 'wash' and ordering each party to bear [its] own costs and fees."[20]

In this case the master stated that "[w]here each party may be found to have prevailed in part on contested issues the court may fairly conclude that neither party is a prevailing party and entitled to a Civil Rule 82 award of costs and fees."  The master's explanation that each party prevailed in part on contested issues appears to mean that each party prevailed on some issues — that there were 26 issues corresponding to the Committee's 26 information and document requests. The superior court's order adopting

---

[14]     *Blumenshine v. Baptiste*, 869 P.2d 470, 474 (Alaska 1994).

[15]     *Anthoney*, 229 P.3d at 167 (citing *Progressive Corp.*, 195 P.3d at 1093).

[16]     *Taylor*, 246 P.3d at 929-30 (alteration in original) (quoting *Alaska Ctr. for the Env't v. State*, 940 P.2d 916, 922 (Alaska 1997)).

[17]     *Chambers v. Scofield*, 247 P.3d 982, 989 (Alaska 2011).

[18]     *Alliance of Concerned Taxpayers, Inc. v. Kenai Peninsula Borough*, 273 P.3d 1123, 1126 (Alaska 2012).

[19]     *Tobeluk v. Lind*, 589 P.2d 873, 877 (Alaska 1979).

[20]     *Pavone v. Pavone*, 860 P.2d 1228, 1233 (Alaska 1993).

the master's recommendation explained that "the [Committee] is allowed roughly half its disclosure requests. Neither party clearly prevailed here." There is no additional explanation in the record of the superior court's attorney's fees decision.

The Committee argues that it was the prevailing party because it "prevailed on the main issue — in fact, on the *only* issue — in this case[,]" namely whether "Wells Fargo [may] be required to provide the insurance policy and attendant information and documents to [the Committee]." (Emphasis in original.) The Committee further argues that the superior court required Wells Fargo to provide the insurance policy and the primary information and documents requested, and that the superior court denied only the Committee's secondary requests. Comparing its recovery to prevailing parties receiving lower monetary awards than requested, the Committee argues that the superior court failed to base its decision on the objective question of whether the Committee obtained relief it sought and that the superior court improperly counted claims when making its prevailing party decision. Wells Fargo responds that the Committee characterized each information and document request as necessary but it prevailed on fewer than half of its requests, and the Committee therefore did not prevail on the main issue in this case.

When a court has determined that a party did not prevail despite obtaining substantial affirmative relief, we have concluded there was an abuse of discretion.[21] Here we conclude it was an abuse of discretion not to determine that the Committee was the

---

[21]    *See, e.g.*, *Alaska Ctr. for the Env't*, 940 P.2d at 922 (identifying main issue and determining trial court erred when failing to declare appellant prevailed); *Shepherd v. State, Dep't of Fish & Game*, 897 P.2d 33, 44 (Alaska 1995) (holding trial court's characterization of main issue manifestly unreasonable and reversing decision awarding neither party attorney's fees); *Blumenshine v. Baptiste*, 869 P.2d 470, 474 (Alaska 1994) (holding abuse of discretion where plaintiff obtained affirmative recovery on main issue and trial court named defendant prevailing party).

prevailing party in light of its success in the litigation. The record reflects that prior to the litigation Wells Fargo refused to give the Committee a copy of the master insurance policy and much of the other requested information. The Committee was forced to resort to litigation before Wells Fargo complied with its fiduciary duties. We recognize that the Committee argued for a very expansive interpretation of disclosure requirements under AS 13.36.080 and that the superior court did not agree. But the Committee obtained a court order (1) stating that Wells Fargo had a fiduciary obligation to provide documents and information necessary for the Committee to fulfill its own fiduciary obligations, and (2) directing Wells Fargo to give the Committee the insurance policy and about half of the other information and documents it requested. Under these circumstances the Committee was the prevailing party entitled to an award of attorney's fees.[22]

## V.  CONCLUSION

We REVERSE the superior court's determination that the Committee was not the prevailing party and REMAND for renewed consideration of an award of attorney's fees to the Committee.[23]

---

[22]    *See Progressive Corp. v. Peter ex rel Peter*, 195 P.3d 1083, 1093 (Alaska 2008) (declaring party that recovered less than hoped for but more than a *de minimis* amount was prevailing). In light of our holding, we do not need to consider the Committee's other arguments that the superior court abused its discretion by failing to adequately explain its decision, and that the superior court abused its discretion by failing to find that the Committee prevailed under the catalyst theory.

[23]    We leave it to the superior court to first consider the Committee's argument that Wells Fargo's breach of its fiduciary duty is relevant to the calculation of an attorney's fees award.